## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-47922-tjt |
| Heritage Collegiate Apparel, Inc. f/k/a M-Den, Inc., d/b/a The M Den | In Proceedings Under Chapter 11 |
| | Hon. Thomas J. Tucker |
| Debtor. / | |

**STIPULATION TO ENTRY OF INTERIM ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO THE PREPETITION LENDERS; AND (III) SCHEDULING A FINAL HEARING**

Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a/ The M Den's ("Debtor"), the Office of the United States Trustee, Bank of Ann Arbor, Newtek Small Business Finance, LLC, and the Small Business Administration, as evidenced by the signatures of their counsel below, hereby stipulate to entry of the *Interim Order Granting Debtor's First Day Motion for Interim and Final Orders (i) Authorizing Debtor to Use Cash Collateral; (ii) Providing Adequate Protection to the Prepetition Lenders; and (iii) Scheduling a Final Hearing* ("Order"), which is attached hereto as Exhibit A.

{01071482.1}  1

**APPROVED AS TO FORM AND SUBSTANCE BY:**

| **SCHAFER AND WEINER, PLLC** | **PLUNKETT COONEY** |
|---|---|
| By: / s /Kim K. Hillary<br>KIM K. HILLARY (P67534)<br>HOWARD M. BORIN (P51959)<br>Proposed Counsel for Debtor<br>40950 Woodward Ave., Ste. 100<br>Bloomfield Hills, MI 48304<br>248-540-3340<br>khillary@schaferandweiner.com | By: / s /Douglas C. Bernstein (with consent)<br>DOUGLAS C. BERNSTEIN (P33833)<br>Counsel for Bank of Ann Arbor<br>38505 Woodward Avenue, Suite 100<br>Bloomfield Hills, MI 48304<br>248-901-4091<br>dbernstein@plunkettcooney.com |
| **SGROI LAW FIRM** | **OFFICE OF THE UNITED STATES TRUSTEE** |
| By: / s /Roy C. Sgroi (with consent)<br>ROY C. SGROI (P28168)<br>Counsel for Newtek Small Business Finance, LLC<br>12845 Farmington Rd., Ste. 1<br>Livonia, Michigan 48150<br>(734) 421-9200<br>rcs@sgroilaw.com | /s /Paul J. Randel (with consent)<br>PAUL J. RANDEL (P58419)<br>Counsel for U.S. Trustee<br>211 W. Fort St., Ste. 700<br>Detroit, MI 48226<br>(313) 226-4541<br>Paul.Randel@usdoj.gov |
|  | **UNITED STATES OF AMERICA** |
|  | By: /s/Gregory Dickinson (with consent)<br>GREGORY DICKINSON (Ill. Bar 6326817)<br>Counsel for Small Business Administration<br>Assistant United States Attorney<br>211 W. Fort St., Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9610<br>gregory.dickinson@usdoj.gov |

**Exhibit A**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-47922-tjt |
| Heritage Collegiate Apparel, Inc. f/k/a M-Den, Inc., d/b/a The M Den | In Proceedings Under Chapter 11 |
| | Hon. Thomas J. Tucker |
| Debtor. / | |

## INTERIM ORDER GRANTING
## DEBTOR'S FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS
## (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL;
## (II) PROVIDING ADEQUATE PROTECTION TO THE PREPETITION LENDERS; AND (III) SCHEDULING A FINAL HEARING

Upon consideration of Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a/ The M Den's ("Debtor") *First Day Motion for Interim and Final Orders (i) Authorizing Debtor to Use Cash Collateral; (ii) Providing Adequate Protection to the Prepetition Lenders; and (iii) Scheduling a Final Hearing* (the "Motion"); upon consideration of the *Amended Declaration of Scott Hirth* [DN 33]; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28

of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefore;

**IT APPEARS, AND THE COURT HEREBY FINDS** that:

A. On August 16, 2024 ("Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107(A) and 1108 of the Bankruptcy Code, with no official committee of unsecured creditors having been formed.

B. Debtor requires the use of the Cash Collateral (as defined in the Motion) for the maintenance, preservation and liquidation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

C. The relief provided herein is necessary, essential and appropriate for Debtor's continued operations and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

D. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice

provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

E. Pursuant to a Commercial Security Agreement dated July 5, 2020, Bank of Ann Arbor has a first priority perfected security interest in and lien on all of Debtor's assets, including its Cash Collateral, to secure all amounts owed by Debtor to Bank of Ann Arbor. Bank of Ann Arbor perfected its lien by the filing of a UCC Financing Statement with the State of Michigan on May 6, 1999, file number D514533, which has been continued from time to time.

F. The Debtor is indebted to Bank of Ann Arbor pursuant to a Promissory Note and Business Loan Agreement dated October 5, 2023, in the face amount of $2,150,000 ("Loan 100184"). The current balance on Loan 100184 is approximately $2,255,675.50. This loan matured prior to the Petition Date and is due in full.

G. The Debtor is indebted to Bank of Ann Arbor pursuant to a Promissory Note and Business Loan Agreement dated July 29, 2022, in the face amount of $292,061.99 ("Loan 201529"). The current balance on Loan 201529 is approximately $103,184.41.

H. Debtor guaranteed repayment of all amounts owed by MDen Properties, LLC ("MDen Properties") to Bank of Ann Arbor pursuant to a Commercial Guaranty dated July 27, 2017.

I. MDen Properties is indebted to Bank of Ann Arbor pursuant to a Promissory Note dated July 29, 2022, in the face amount of $658,554.57 ("Loan 401828"). The current balance on Loan 401828 is approximately $606,290.36.

J. MDen Properties is also indebted to Bank of Ann Arbor pursuant to a Promissory Note dated June 25, 2022, in the face amount of $283,599.54 ("Loan 400994"). The current balance on Loan 400994 is approximately $179,530.36.

K. Debtor guaranteed repayment of all amounts owed by MDen Stadium Properties, LLC ("Stadium Properties") to Bank of Ann Arbor pursuant to a Commercial Guaranty dated June 27, 2017.

L. Stadium Properties is indebted to Bank of Ann Arbor pursuant to a Promissory Note dated March 23, 2024, in the face amount of $870,335 ("Loan 401827"). The current balance on Loan 401827 is approximately $861,082.35.

M. M. Debtor guaranteed repayment of all amounts owed by MDen State Street Properties, LLC ("State Street Properties") to Bank of Ann Arbor pursuant to a Commercial Guaranty dated June 27, 2017.

N. State Street Properties is indebted to Bank of Ann Arbor pursuant to a Promissory Note dated July 27, 2022, in the face amount of $2,256,976.20 ("Loan 401636"). The current balance on Loan 401636 is approximately $2,057,684.10.

O. Debtor is indebted to Newtek Small Business Finance, LLC ("Newtek") pursuant to a U.S. Small Business Administration Note dated December

10, 2020, in the face amount of $4,600,000 ("Newtek Note"). The current balance on the Newtek Note is approximately $4,835,106.04.

P. The Newtek Note is secured by a lien on the Debtor's assets, including its Cash Collateral, pursuant to a Commercial Security Agreement dated December 10, 2020. Newtek perfected its lien by the filing of a UCC Financing Statement with the State of Michigan on November 13, 2020, file number 20201113000487-3.

Q. Debtor is indebted to TVT 2.0, LLC ("TVT") pursuant to a Business Loan and Security Agreement dated March 23, 2023, in the face amount of $2,500,000 ("TVT Agreement"). The current balance on the TVT Agreement is approximately $1,003,941 and TVT alleges that this debt is secured by a lien on Debtor's Cash Collateral.

R. The Debtor is indebted to the U.S. Small Business Administration ("SBA") in the approximate amount of $500,000 pursuant to a promissory note dated June 17, 2020, which was amended on July 2, 2021 ("SBA Note"). The SBA asserts an all asset lien on the Debtor's assets to secure repayment of the SBA Note.

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. The Motion is Granted.

2. All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

3. Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

4. From the Petition Date through September 15, 2024, Debtor projects that it will need to spend approximately $1,068,330 to avoid immediate and irreparable harm and to pay the immediate operating expenses of the Debtor's business, as set forth in the Budget filed at DN 32 with allowance for a fifteen percent (15%) variance per line item. The Debtor's authorized use of Cash Collateral is limited to the amounts set forth in the Budget prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be.

5. Bank of Ann Arbor has a perfected, first priority security interest in the Cash Collateral and substantially all of the Debtor's assets, including accounts receivable, other cash collateral, and inventory.

6. To the extent that Debtor uses such Cash Collateral and does not replace it, and only to the extent of any diminution in the value of such Cash Collateral, Bank of Ann Arbor is granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, and in the same priority as the liens Bank of Ann Arbor held on the Petition Date, which are created, acquired, or arise after the Petition Date.

7. To the extent that Debtor uses such Cash Collateral and does not replace it, and only to the extent of any diminution in the value of such Cash Collateral, Newtek is granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, and in the same priority as the liens Newtek held on the Petition Date, which are created, acquired, or arise after the Petition Date.

8. To the extent that Debtor uses such Cash Collateral and does not replace it, and only to the extent of any diminution in the value of such Cash Collateral, TVT is granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, and in the same priority as the liens TVT held on the Petition Date, which are created, acquired, or arise after the Petition Date.

9. To the extent that Debtor uses such Cash Collateral and does not replace it, and only to the extent of any diminution in the value of such Cash Collateral, SBA is granted replacement liens in all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, and in the same priority as the liens the SBA held on the Petition Date, which are created, acquired, or arise after the Petition Date.

10. As additional adequate protection to Bank of Ann Arbor, the Debtor shall pay it $8,828 on or before the 27th of the month and $31,172 on or before the 5th of month as set forth in the Budget.

11. As additional adequate protection to Newtek, the Debtor shall pay it $66,000 per month as set forth in the Budget.

12. As additional adequate protection to TVT, the Debtor shall pay it $40,000 per month as set forth in the Budget.

13. As additional adequate protection to the SBA, the Debtor shall pay it $2,518 per month as set forth in the Budget.

14. The Debtor shall provide weekly reports to Bank of Ann Arbor, Newtek, SBA and TVT evidencing its compliance with the Budget.

15. To the extent another creditor claims an interest in Cash Collateral, and to the extent that Debtor uses such Cash Collateral and does not replace it and only to the extent of any diminution in the value of such Cash Collateral, such creditor shall be entitled to a replacement lien on all types and descriptions of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date.

16. The Debtor is authorized to voluntarily escrow, on a monthly basis, $40,000 into a debtor-in-possession account (the "Professional Fee Account")

earmarked to pay the professional fees incurred by its legal counsel in connection with the bankruptcy proceeding to the extent the fees are allowed by this Court.

17. The Professional Fee Account will remain property of the estate, until such time that professional fees are allowed by court order and will be free and clear of the liens, claims, and encumbrances of prepetition lenders.

18. The replacement liens granted to pre-petition lenders under this Order shall not apply to this Professional Fee Account.

19. The Debtor shall, within twenty-four (24) hours following the entry of this order, serve copies of this Order on the 20 largest unsecured creditors, all secured creditors, any committee formed in this case, the United States Trustee's Office, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

20. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order.

21. If an objection is timely filed, the final hearing on this Order will be held in person before the Honorable Thomas J. Tucker, United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 West Fort Street,

19th Floor, Detroit, Michigan, on the 11th day of September, 2024, at 11:00 a.m. to consider such objections.

22. If no timely objections are filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

23. The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.