UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-47922-tjt |
| Heritage Collegiate Apparel, Inc. f/k/a M-Den, Inc., d/b/a The M Den | In Proceedings Under Chapter 11 |
| | Hon. Thomas J. Tucker |
| Debtor. / | |

*EX-PARTE* MOTION FOR AN EXPEDITED HEARING
ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING
LIDS HOLDINGS, INC., OR ITS DESIGNATED SUBSIDIARY AS
STALKING HORSE BIDDER, (II) AUTHORIZING THE DEBTOR'S
ENTRY INTO AN ASSET PURCHASE AGREEMENT, (III)
AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND
CLEAR OF ALL ENCUMBRANCES, (IV) APPROVING CERTAIN BID
PROCEDURES, BID PROTECTIONS AND DEADLINES, (V)
SCHEDULING A SALE HEARING,
AND (VI) GRANTING RELATED RELIEF

Heritage Collegiate Apparel, Inc. f/k/a M-Den, Inc., d/b/a The M Den ("Debtor"), by and through its proposed counsel, hereby file this *Ex Parte Motion for an Expedited Hearing* (the "Expedited Hearing Motion") *on Debtor's Motion for Entry of an Order (I) Approving Lids Holdings, Inc., or its Designated Subsidiary as Stalking Horse Bidder, (II) Authorizing the Debtor's Entry Into An Asset Purchase Agreement, (III) Authorizing The Sale of the Debtor's assets Free and Clear of All Encumbrances, (IV) Approving Certain Bid Procedures, Bid Protections and Deadlines, (V) Scheduling a Sale Hearing, And (VI) Granting Related Relief* (the

{01072238.1}   1

"Bid Procedures Motion"), states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of this proceeding and the Expedited Hearing Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code")[1], Federal Rules of Bankruptcy Procedure ("FRBP") 9006.

## REQUEST FOR RELIEF

5. Debtor requests that this Honorable Court schedule a hearing on the Bid Procedures Motion **on or before Wednesday, September 4, 2024,** so that it may be heard in time to allow for an expedited sale process.

## BACKGROUND

6. On August 16, 2024 (the "Petition Date"), the above-captioned Debtor

---

[1] All section references herein are references to sections of the Bankruptcy Code unless indicated otherwise.

{01072238.1}  2

commenced the above-captioned bankruptcy case (the "Case") under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

7. As explained in detail in the Bid Procedures Motion, Debtor believes that the sale of its assets on an extremely fast timeline will result in the highest possible recover for Debtor and its estate.

8. Debtor is requesting that the entire sale process from the filing of the Bid Procedures Motion through closing be only two and a half weeks, which Debtor believes is justified under the circumstances.

9. Debtor recognizes that this is a very aggressive timeline, and the creditors, the U.S. Trustee and the Court may take issues with this timeline, which the Debtor is prepared to justify at the hearing.

10. However, for the Court to be able to consider whether this aggressive timeline is in the best interest of the Debtor and its creditors, the hearing on the Bid Procedures Motion must be conducted on an expedited basis.

11. If the Bid Procedures Motion is heard on ordinary notice, all of the advantages of conducting the sale quickly as described in detail in the Bid Procedures Motion (diminishing inventory and the University of Michigan's front loaded home game football schedule) will be lost before the matter is heard.

## BASIS FOR RELIEF

12. Fed. R. Bankr. P. 9006(c)(1) authorizes this Court to shorten the notice period for the Bid Procedure Motion for cause shown.

13. E. D. Mich. LR 9006-1(b) permits a court to enter an order on motion of a party to reduce the time to take any action or file any paper. Under E. D. Mich. LR 9006-1, the movant must attempt to obtain acquiescence of opposing counsel.

14. Debtor reached out to counsel for Debtor's two largest secured creditors and the U.S. Trustee it discuss this motion.

15. Additionally, the Potential Bidders have both agreed to the timelines set forth in this Motion and the Bid Procedures Motion.

16. The Court has broad authority to regulate the form and manner of notice. *See* 11 U.S.C. § 102(1); Fed. R. Bankr. P. 2002(m) and 9007.

17. In addition, section 105(a) grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory grants or under equitable common law principles. Specifically, section 105(a) provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18. Further, Courts have the inherent authority to control their own dockets. In re Nikron, Inc., 27 B.R. 733, 777 (Bankr. E.D. Mich. 1983).

19. Scheduling the Bid Procedures Motion on an expedited basis is the only

way for this Court to be able to timely determine if the relief requested in that motion should be granted.

20. Therefore, "cause" exists for an expedited hearing on the Bid Procedures Motion.

## NOTICE

21. Because this Motion is being requested on an *ex-parte* basis, the Debtor submits that notice is not necessary. Nevertheless, the Office of the United States Trustee and those parties-in-interest that request service through this Court's ECF system are receiving notice of this Motion through this Court's ECF System (collectively, the "Notice Parties").

22. Immediately after entry of an Order granting this Motion and scheduling a hearing on the Bid Procedures Motion, the Debtor will serve the Order via ECF, electronic mail, facsimile, or federal express for overnight delivery, as the case may be, upon (i) the United States Trustee; (ii) all secured creditors; (iii) the Debtor's twenty (20) largest unsecured creditors; (iv) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (v) all other entities known to have expressed an interest in a transaction with respect to all or part of the Assets. Debtor will file a proof of service detailing same.

## NO PRIOR REQUEST

23. No previous request for the relief sought herein has been made to this

Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, scheduling a hearing on the Bid Procedure Motion on Thursday, August 29, 2024, or as soon thereafter as the Court's docket will permit.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SCHAFER AND WEINER, PLLC |
|  | /s/ Howard Borin<br>KIM HILLARY (P67534)<br>HOWARD BORIN (P51959)<br>Proposed Attorneys for Debtor<br>40950 Woodward Ave., Ste. 100<br>Bloomfield Hills, MI 48304<br>(248) 540-3340 |
| Dated: August 27, 2024 | khillary@schaferandweiner.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-47922-tjt |
| Heritage Collegiate Apparel, Inc. f/k/a<br>M-Den, Inc., d/b/a The M Den | In Proceedings Under<br>Chapter 11 |
| | Hon. Thomas J. Tucker |
| Debtor._____/ | |

**ORDER GRANTING DEBTOR'S *EX-PARTE* MOTION FOR AN EXPEDITED HEARING ON ITS MOTION FOR ENTRY OF AN ORDER (I) APPROVING LIDS HOLDINGS, INC., OR ITS DESIGNATED SUBSIDIARY AS STALKING HORSE BIDDER, (II) AUTHORIZING THE DEBTOR'S ENTRY INTO AN ASSET PURCHASE AGREEMENT, (III) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, (IV) APPROVING CERTAIN BID PROCEDURES, BID PROTECTIONS AND DEADLINES, (V) SCHEDULING A SALE HEARING, AND (VI) GRANTING RELATED RELIEF**

This matter is present upon Debtor's *Ex Parte Motion for an Expedited Hearing* (the "Expedited Hearing Motion") *on Debtor's Motion for Entry of an Order (I) Approving Lids Holdings, Inc., or its Designated Subsidiary as Stalking Horse Bidder, (II) Authorizing the Debtor's Entry Into An Asset Purchase Agreement, (III) Authorizing The Sale of the Debtor's assets Free and Clear of All Encumbrances, (IV) Approving Certain Bid Procedures, Bid Protections and*

*Deadlines, (V) Scheduling a Sale Hearing, And (VI) Granting Related Relief* ("Expedited Hearing Motion"), and the Court being duly advised in the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED** that the Motion shall come on for an in person hearing before the Honorable Thomas J. Tucker, on September ____, 2024, at _____:_____, ___.m..

**IT IS FURTHER ORDERED** that any objections to the relief sought in the Debtor's *Motion for Entry of an Order (I) Approving Lids Holdings, Inc., or its Designated Subsidiary as Stalking Horse Bidder, (II) Authorizing the Debtor's Entry Into An Asset Purchase Agreement, (III) Authorizing The Sale of the Debtor's assets Free and Clear of All Encumbrances, (IV) Approving Certain Bid Procedures, Bid Protections and Deadlines, (V) Scheduling a Sale Hearing, And (VI) Granting Related Relief* [DN 54] shall be filed no later than one day prior to the hearing date. If no objection is filed the relief may be granted without a hearing.

**IT IS FURTHER ORDERED** that Debtor shall immediately serve this Order via the Court's ECF system, electronic mail, facsimile, or Federal Express for overnight delivery, as the case may be, upon (i) the United States Trustee; (ii) all secured creditors; (iii) the Debtor's twenty (20) largest unsecured creditors; (iv) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (v) all other entities known to have expressed an interest in a transaction with

respect to all or part of the Assets, (vi) E&J Associates, LLC, and (vii) 315-317 SMS, LLC. The Debtor shall file a proof of serve evidencing same.