UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-47922-tjt |
| Heritage Collegiate Apparel, Inc. f/k/a M-Den, Inc., d/b/a The M Den | In Proceedings Under Chapter 11 |
| | Hon. Thomas J. Tucker |
| Debtor. _____/ | |

## DECLARATION OF KIM K. HILLARY IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORITY TO RETAIN SCHAFER AND WEINER, PLLC AS COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION

In support of Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den's ("Debtor") application for authority to retain Schafer and Weiner, PLLC ("Applicant") as bankruptcy counsel for Debtor and Debtor-in-Possession ("Application"), Kim K. Hillary declares:

1. Except as otherwise stated, I make this declaration upon personal knowledge, and, if called as a witness, I could testify competently to the facts contained herein.

2. I am an attorney admitted to practice law in the State of Michigan.

3. I am employed by Applicant at its office in Bloomfield Hills, Michigan.

4. Debtor has applied to employ Applicant as counsel to Debtor and Debtor in Possession, and to represent and assist it in all aspects of the above-captioned bankruptcy ("Bankruptcy Case"). Applicant is also requesting such employment.

5. I am familiar with 11 U.S.C. §§ 101(14) and 327(a), Fed.R.Bankr.P. 2014, and E.D. Mich. LBR 2014-1. I believe that Debtor's hiring of Applicant will comply with the requirements of those statutes and rules.

6. I believe pursuant to § 101(14) and § 327(a) that Applicant does not represent or hold any interest adverse to Debtor or to its estate.

7. I believe that Applicant is a "disinterested person" as that term is defined in § 101(14) in that Applicant, its members, counsel, and associates:

  a. Are not creditors, equity security holders or insiders of Debtor;

  b. Are not and were not directors, officers, or employees of Debtor; and

  c. Do not have any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

8. Applicant provided legal services to Debtor prior to August 16, 2024 ("Petition Date"). Applicant received $75,861.04 for such services provided to Debtor prior to the Petition Date that related to this bankruptcy case, plus payment of the $1,738 filing fee.

9. On the Petition Date, Applicant had a retainer of 61,504.40.

10. Except as set forth above, neither Applicant nor its members or associates have received promises as to compensation in connection with its representation of Debtor and Debtor in Possession, other than those subject to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

11. Applicant has no agreement with any entity to share any compensation received by Applicant.

12. As a law firm with an extensive bankruptcy, restructuring and corporate practice, Applicant appears in cases, proceedings and transactions involving many different attorneys, accountants, and financial consultants, some of which now or may in the future represent claimants and parties-in-interest in this case. Applicant will not represent any of such entities in relation to the Bankruptcy Case.

13. To the best of my knowledge, other than disclosed below, neither Applicant nor its members or associates have any connection with Debtor, its creditors, any other parties-in-interest, their respective attorneys and accountants, or the Office of the United States Trustee:

- Joseph Grekin is an equity party with Applicant. Mr. Grekin is a member of the University of Michigan Alumni Association.

- Applicant represents Chip Hoebeke, an agent of Rehmann, a creditor in this case, on various matters unrelated to this Bankruptcy Case. Applicant has retained Mr. Hoebeke as an

expert witness in unrelated matters, and Mr. Grekin and Mr. Hoebeke both serve on the NAFAR International Committee.

- Some members of Applicant have received degrees from the University of Michigan and have various other connections to the University and its departments, none of which are related to this case.

14. Pursuant to its internal procedures, Applicant circulated a list of known parties-in-interest. Except as otherwise set forth herein, Applicant has no relationship with any such parties that would render it not disinterested.

15. I reserve the right to amend and update this declaration should other connections be discovered.

16. I know of no reason why Applicant should not be employed by Debtor and Debtor-in-Possession as counsel to represent, counsel, and otherwise assist in the Bankruptcy Case.

17. I understand that if employed as counsel, Applicant cannot be compensated until its fees are approved by the Court, pursuant to an entered order.

18. I say nothing further.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the above statements are true and correct.

Dated: August 30, 2024

*/s/ Kim K. Hillary*
Kim K. Hillary, Esq.