UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 24-47922

HERITAGE COLLEGIATE APPAREL, INC.,  Chapter 11

Judge Thomas J. Tucker

Debtor.

_____/

**ORDER REGARDING THE DEBTOR'S MOTION FOR ENTRY OF A SALE PROCEDURES ORDER AND RELATED RELIEF**

This case is before the Court on the motion filed by the Debtor on August 27, 2024, entitled "Debtor's Motion for Entry of an Order (I) Approving Lids Holdings, Inc., or its Designated Subsidiary as Stalking Horse Bidder, (II) Authorizing the Debtor's Entry into an Asset Purchase Agreement, (III) Authorizing the Sale of the Debtor's Assets Free and Clear of All Encumbrances, (IV) Approving Certain Bid Procedures, Bid Protections and Deadlines, (V) Scheduling a Sale Hearing, and (VI) Granting Related Relief " (Docket # 54, the "Motion"). The Court held an expedited hearing on the Motion on September 4, 2024. Many parties appeared and participated in the hearing. At the conclusion of the hearing, the Court took the Motion under advisement.

The Court has considered all of the written and oral arguments and statements made regarding the Motion, including the written responses and objections that were timely filed,[1] the arguments and statements made during the hearing, and the record in this case. The Court finds good cause to enter this Order.

During the hearing, the Debtor's counsel stated that the Debtor and the proposed stalking

---

[1] Docket ## 80, 81, 86, and 88.

24-47922-tjt    Doc 93    Filed 09/05/24    Entered 09/05/24 13:17:07    Page 1 of 4

horse bidder, Lids Holdings, Inc., had agreed to the following modifications of the relief sought in the Motion. The modifications are (1) a reduction in the stalking horse bidder's break-up fee, to $150,000.00 (down from the originally proposed fee of $225,000.00); (2) a delay of one week in the various deadlines in the Debtor's proposed bid procedures; and (3) adding a requirement that in making all decisions permitted under the proposed bid procedures, the Debtor must first consult with the Committee of Unsecured Creditors;[2] and (4) a delay until September 5, 2024 in filing an asset purchase agreement between the Debtor and the stalking horse. The Debtor seeks the Court's approval of the Motion, with these changes (the "Revised Motion").

The Court will grant the relief sought by the Revised Motion, but only with and subject to the following changes. The contemplated sale of the Debtor's assets may not include or purport to include a sale of, or assumption and assignment of, any of the following:

- any right to use the M-Den name or the M-Den URL;

- any license agreement with the University of Michigan;

- any trademarks, intellectual property, goodwill, copyright, design patents, or any other property interests ever owned by the University of Michigan and used by the Debtor under any licensing agreement by and between the Debtor and the University of Michigan, including the M-Den name;

- any claims or causes of action relating to any of the foregoing;

- any avoidance actions of any kind against anyone, including any preference or fraudulent transfer actions.

(the "Excluded Assets").

A sale, transfer, or assignment by the Debtor of any of the Excluded Assets is not urgent

---

[2] The Committee members were appointed by the United States Trustee on September 3, 2024. (*See* Docket # 75).

or time-sensitive, unlike the proposed sale of the Debtor's other assets. The Debtor has not shown that there is presently any need for speed with respect to any sale or other disposition of any of the Excluded Assets. Nor has the Debtor shown what types of Excluded Assets listed above the Debtor actually owns, if any, or what, if anything, such assets may be worth.[3] If the Debtor wishes in the future to sell, transfer, or assign any of the Excluded Assets, the Debtor may seek such relief by means of a new sale and/or sale procedures motion, which does not propose the kind of expedited deadlines proposed in the Debtor's Revised Motion.

With and subject to the changes just noted, the Court will grant the relief sought by the Debtor in the Revised Motion. The Court finds that there is good cause for such relief, with the changes the Court is requiring as stated above, and that such relief is in the best interests of the bankruptcy estate, the Debtor, and the creditors of the estate, that it reflects the sound business judgment of the Debtor, and that it is fair to all interested parties and reasonable under the circumstances.

Accordingly,

IT IS ORDERED that:

1. The relief sought in the Revised Motion, with the changes the Court requires as described above, will be granted.

2. No later than September 6, 2024, the Debtor must file and submit to the Court a revised version of the proposed order that was attached as Exhibit A to the Motion, and the Debtor must file a revised version of the proposed bid procedures that were attached as Exhibit B to the Motion. The revised versions of these documents must be fully consistent with, and reflect, all

---

[3] The Court expresses no view on these issues at this time.

of the changes required by this Order, as described above.

3. In the alternative to paragraph 2 above, if the Debtor no longer wishes to proceed with its Revised Motion because of the changes required by this Order, the Debtor must file, no later than September 6, 2024, an ex parte request for an order withdrawing the Motion.

4. The revised deadline for the Debtor to file an asset purchase agreement with the stalking horse bidder will be September 6, 2024.

**Signed on September 5, 2024**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**