**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE COLLEGIATE APPAREL, INC., f/k/a M-Den, Inc., d/b/a The M Den | Case No. 24-47922-tjt |
| | Hon. Thomas J. Tucker |
| Debtor._____/ | |

## APPLICATION TO EMPLOY CAPSTONE PARTNERS AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors ("Committee") of Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den ("Debtor"), for its *Application to Employ Capstone Partners as Financial Advisor to Official Committee of Unsecured Creditors* ("Application"), states:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On August 16, 2024, Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code.

5. Debtor is continuing in possession of its property and is operating and managing its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

6. On September 3, 2024, the United States Trustee appointed the Committee. [ECF No. 75].

7. On September 9, 2024, the Committee selected Capstone Partners ("Capstone") to serve as financial advisor to the Committee in this Chapter 11 case.

8. At the Committee's request and in order to meet the deadlines for motions and other matters, Capstone immediately began work on behalf of the Committee.

## RELIEF REQUESTED

9. The Committee requests that the Court authorize it to retain and employ Capstone as financial advisor in connection with this Chapter 11 case.

# BASIS FOR RELIEF

10. Section 1103(a) of the Bankruptcy Code states in pertinent part:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

11. Rule 2014 of the Bankruptcy Rules requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A. Necessity and Qualifications

12. The Committee has selected Capstone because Capstone's professionals have extensive experience in providing financial advisory services in restructurings and reorganizations, having rendered these services to debtors and creditors throughout the United States, including

Michigan, Delaware, Ohio, Illinois, New York, California, Texas, Kentucky, Louisiana, Pennsylvania, and Kansas.

13. The Committee requires the services of Capstone in order to analyze and assess critical information, such as Debtor's financial projections and sale recoveries, as well as to monitor Debtor's liquidity through the case and begin to determine potential recovery options for unsecured creditors.

B. **Services to Be Provided**

14. Capstone is expected to render financial, consulting, and advisory services as the Committee may consider desirable. Capstone's services are expected to include advising the Committee and the Committee's other professionals with respect to:

   i. Analysis and review of Debtor's finances and cash flow projections;

   ii. Advising the Committee and Committee counsel with respect to Debtor's financing, reporting, sale of assets, and/or plan of reorganization;

   iii. Preparing necessary analyses;

   iv. Appearing in Court and meetings to testify on behalf of the Committee; and

   v. To generally represent the Committee with respect to these cases and related proceedings, and to assist the

Committee as appropriate with respect to the matters identified in 11 U.S.C. § 1103.

**C.  Professional Compensation**

15.  Capstone has indicated its willingness to serve as the Committee's financial advisor and receive compensation and reimbursement in accordance with Capstone's standard billing practices.

16.  Capstone intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and Orders of this Court.

17.  Capstone's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and similar items that are typically billed separately.

18.  For example, Capstone regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including photocopying, travel expenses, postage, express mail and messenger charges, computerized legal research charges and other computer services, and expenses for working meals.

19.  Other than as set forth in this Application and in the Declaration of Sheldon L. Stone attached as Exhibit 3, no agreement or understanding

exists between the Committee and Capstone or any other entity for the sharing of compensation received or to be received by Capstone for services rendered in connection with this Chapter 11 case.

### D.     No Adverse Interest, Disinterestedness, and Disclosure of Connections

20.    To the best of the Committee's knowledge and subject to the disclosures set forth in the Declaration of Sheldon L. Stone attached as Exhibit 3, the professionals of Capstone: (a) do not have any connection with Debtor, its affiliates, creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party-in-interest or their respective attorneys and accountants; (b) are "disinterested person[s]," as that term is defined 11 U.S.C. § 101(14); and (c) do not hold or represent an interest adverse to Debtor's estate.

21.    More specifically and subject to the disclosures set forth in the Declaration of Sheldon L. Stone:

> i. None of the professionals of Capstone hold or represent an interest adverse to the Debtor's estate.
>
> ii. Neither Capstone, nor any professional of Capstone, is or was a creditor, equity holder, or an insider of the Debtor.
>
> iii. Neither Capstone, nor any professional of Capstone, is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor.
>
> iv. Capstone does not have any interest materially adverse

to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## **NOTICE**

22. Notice of this Application is being filed and sent to the United States Trustee as required by Fed. R. Bankr. P. 2014(a) and Local Bankruptcy Rule 2014-1(b).

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in the Application and such additional relief as is just and equitable.

                                          Respectfully Submitted,

                                          WOLFSON BOLTON PLLC
                                          *Proposed Counsel to the Committee*

Dated: September 16, 2024        By:   /s/ Anthony J. Kochis
                                                  Scott A. Wolfson (P53194)
                                                  Anthony J. Kochis (P72020)
                                          3150 Livernois, Suite 275
                                          Troy, MI 48083
                                          Telephone: (248) 247-7105
                                          Facsimile: (248) 247-7099
                                          E-Mail: akochis@wolfsonbolton.com

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE COLLEGIATE APPAREL, INC., f/k/a M-Den, Inc., d/b/a The M Den | Case No. 24-47922-tjt |
| | Hon. Thomas J. Tucker |
| Debtor. _____/ | |

## ORDER GRANTING APPLICATION TO EMPLOY CAPSTONE PARTNERS AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

This matter having come before the Court upon The Official Committee of Unsecured Creditors ("Committee") of Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den ("Debtor") *Application to Employ Capstone Partners as Counsel for the Official Committee of Unsecured Creditors* ("Application")[1] and the Declaration of Sheldon L. Stone filed in support of the Application; the Court having found that: (a) jurisdiction to consider the Application is proper under 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (c) notice of the Application was properly provided; and (d) good cause exists to grant the relief requested in the Application; and the Court

---

[1] Capitalized terms used but not defined have the meanings given to them in the Application.

being fully advised in the premises and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

   **IT IS HEREBY ORDERED** that:

1. The Application is granted.

2. The Committee is authorized to employ Capstone Partners as financial advisor consistent with the terms of the Application.

3. Capstone Partners shall be compensated for its services as authorized by the Court.

4. This Order is immediately effective.

5. The Court retains jurisdiction over all matters related to the implementation of this Order.

EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT**

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE COLLEGIATE APPAREL, INC., f/k/a M-Den, Inc., d/b/a The M Den | Case No. 24-47922-tjt |
| | Hon. Thomas J. Tucker |
| Debtor._____/ | |

**DECLARATION OF SHELDON L. STONE IN SUPPORT
OF APPLICATION TO EMPLOY CAPSTONE PARTNERS AS
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS</u>**

I, Sheldon L. Stone, declare:

1. I am a Managing Director with Capstone Partners ("<u>Capstone</u>").

2. I am familiar with the facts in this Declaration and make this Declaration in Support of the Application.[2]

3. Unless otherwise stated, this Declaration is based upon my personal knowledge.

**A.   Services to Be Provided**

4. In connection with this Chapter 11 case, the Committee has requested Court authorization to retain Capstone as financial advisor.

---

[2] Capitalized terms used but not defined in this Declaration have the meanings given them in the *Application to Employ Capstone Partners as Financial Advisor to Official Committee of Unsecured Creditors.*

5. The professional services that Capstone will render to the Committee may include, but will not be limited to, those described in the Application.

B. **Professional Compensation**

6. The Committee was formed on September 3, 2024 and Capstone was retained by the Committee on September 9, 2024. Capstone immediately commenced work on behalf of the Committee.

7. Capstone intends to apply for compensation for professional services rendered in connection with the Chapter 11 case.

8. Subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and orders of this Court, Capstone will charge the Committee on an hourly basis and seek reimbursement of actual, necessary expenses and other costs and expenses that Capstone incurs.

9. Capstone's hourly rates are set at a level designed to fairly compensate Capstone for the work of its professionals.

10. Capstone's hourly rates vary with the experience and seniority of the individuals assigned.

11. Capstone's hourly rates are:

| | |
|---|---|
| Sheldon L. Stone | $650 |
| David Rychalsky | $650 |
| Brian Phillips | $550 |
| Erik Morandi | $450 |

12. Capstone's hourly rates in this case are consistent with the rates it charges in bankruptcy and non-bankruptcy matters.

13. Capstone reserves the right to increase its hourly rates in accordance with its normal and customary practices, which is typically January 1st of each year.

14. Capstone's policy is to charge its clients for expenses incurred in connection with the client's case.

15. The expenses charged to clients include photocopying, travel expenses, postage, express mail and messenger charges, computerized legal research charges and other computer services, and expenses for working meals.

16. Capstone will charge the Committee for these expenses in a manner and at rates consistent with those Capstone generally charges its other clients.

17. No promises have been received by Capstone or by any professional of Capstone regarding compensation in connection with this

Chapter 11 case, other than in accordance with the provisions of the Bankruptcy Code.

18. Pursuant to Fed. R. Bankr. P. 2016(b), Capstone has not shared, nor agreed to share, any compensation it has received or may receive in these cases with any other party, person, or entity other than with the professionals of Capstone.

C. **Capstone's Disinterestedness**

19. Capstone has conducted a conflict check, through a search of its client database, inquiry to each professional at Capstone, and the Control Room at Capstone's parent Huntington National Bank regarding its connections with Debtor and other parties in interest.

20. A search of Capstone's client database, and search by Huntington National Bank is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary or affiliate.

21. This search was as complete as reasonably possible under the circumstances, but Capstone recognizes that additional parties in interest may become involved in Debtor's Chapter 11 case.

22. Based on the results of the conflict searches conducted to date, to the best of my knowledge, neither I, Capstone, nor any member or

employee of Capstone, insofar as I have been able to ascertain, has any connection with the Debtor, their creditors, or other parties-in-interest except as follows:

    a. Capstone was engaged by The Bank of Ann Arbor in December of 2023 to investigate merchant cash advance activity with respect to Debtor. Capstone's engagement with The Bank of Ann Arbor ended on February 26, 2024.

23. Capstone is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) because neither Capstone nor any of its professionals:

    a. is a creditor, an equity security holder, or an insider of the Debtor;

    b. was, within two years before the date of filing of Debtor's Chapter 11 case, a director, officer, or employee of Debtor; or

    c. has an interest materially adverse to the interests of Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

24. As part of its diverse practice, Capstone appears in numerous cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, investment bankers, and financial consultants, some of which may represent claimants and parties-in-interest in this Chapter 11 case.

25. In addition, Capstone has worked with or against, and will likely in the future work with or against, other professionals involved in this Chapter 11 case in matters unrelated to this Chapter 11 case.

26. Based on my current knowledge of the professionals involved in this Chapter 11 case, none of these business relationships constitute interests materially adverse to the Debtor.

27. If this Court approves the proposed employment of Capstone by the Committee, Capstone will not accept any engagement or perform any services for any entity or person other than the Committee in connection with this Chapter 11 case without prior Court approval.

28. Capstone may, however, provide professional services to creditors of Debtor in matters unrelated to this Chapter 11 case.

29. Capstone believes that Capstone is disinterested within the meaning of 11 U.S.C. § 101(14).

30. As parties become known or make appearances in this case, Capstone will supplement its disclosures as appropriate.

31. To the best of my knowledge as of the date of this Declaration, Capstone's conflict check has not revealed the existence of any matters potentially adverse to the interests of the Debtor except as stated in this Declaration and the Application.

32. Capstone will periodically review its files during the Chapter 11 case to ensure that no disqualifying circumstances arise.

33. If any relevant facts or relationships are discovered or arise, Capstone will promptly file a supplemental declaration pursuant to Fed. R. Bankr. P. 2014(a).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 16, 2024            /s/ Sheldon L. Stone\_\_\_\_\_
                                                   Sheldon L. Stone

Executed in Birmingham, Michigan