UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Case No. 24-47922

HERITAGE COLLEGIATE APPAREL, INC.,       Chapter 11

                                                   Judge Thomas J. Tucker

                Debtor.
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On December 16, 2024, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Plan of Liquidation and Disclosure Statement" (Docket # 213, the "Plan"). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

1. For a plan of liquidation, the Debtor's Plan is complex. Because of the unusual complexity and length of the Debtor's Plan, and to assist the creditors in understanding the Plan, the Debtor must include, in or just after the Introduction section on page 2 of the Plan, an executive summary of the Plan, which summarizes at least the following: (a) what role(s) the Debtor, the Liquidation Trustee, and the Committee (if any)[1] will have after confirmation of the Plan; (b) why the Plan proposes to have both the Debtor and a Liquidation Trustee involved in the liquidation; (c) given the scope of what the Plan proposes for the Liquidation Trustee to do, why the Debtor should be involved in the post-confirmation liquidation at all; (d) what the major

---

[1] The Court's reference here to "the Committee (if any)" is prompted, in part, by the reference in paragraph 5.8 of the Plan on page 30 to the possibility of there being "services performed or expenses incurred by any Professional on behalf of the Debtor **or the Committee** with respect to this Case after the Confirmation Date" (emphasis added); and by the references to the Committee in paragraph 11.3 of the Plan on page 35 and in the last paragraph of Section III.b.iii on page 52.

categories of assets are and who will liquidate each category of assets and distribute the proceeds; (e) how the Debtor believes the $11,613,877.00 in Sale Proceeds will be and should be distributed under the terms of the Plan, including a list of to whom, in what amount(s), and in what order of priority; and (f) what assets will or may be available to fund distributions to the non-priority unsecured creditors in Class X of the Plan.

2. Paragraph 1.6 of the Plan on page 12 states, in relevant part: "All Exhibits and Plan Supplement(s) are fully incorporated into and are a part of this Plan and Disclosure Statement as if fully set forth herein and, **to the extent not attached to this Plan, the Exhibits and Plan Supplement(s) shall be filed with the Bankruptcy Court no less than seventeen (17) days before the Confirmation Hearing.**" (Emphasis added). The Debtor must amend the language in bold above to state the following: "to the extent not attached to this Plan, the Exhibits and Plan Supplement(s) all have been filed separately with the Bankruptcy Court on [date(s) and docket numbers]." And the Debtor must file all Plan Supplements and Exhibits, including the proposed Liquidation Trust Agreement, either as exhibits to an amended plan and disclosure statement or separately, **no later than January 9, 2025.** And the Debtor must revise the definition of "Plan Supplement" in paragraph 1.2.52 on page 9 of the Plan, to make it consistent with the foregoing requirements of this Order.

3. With regard to the claim of Unifi Equipment Finance, Inc., treated in Class VIII of the Plan on pages 23-24, and the claim of GM Financial, treated in Class IX of the Plan on pages 24-25, the Debtor must state, in addition to what is already stated, what the total amount of each creditor's claim is, without regard to the value of its collateral.

4. In paragraph 3.2.2 of the Plan on page 18, the Debtor must explain what is the basis of

the "$4,081,637" amount. Why is that the amount chosen?

5. The Debtor must modify the last sentence of paragraph 3.10.4 of the Plan on page 26, to state the following; "In the event the Debtor succeeds in reducing or eliminating the claims of the MCA Creditors, it may result in funds being available from the Sale Proceeds for distribution to Unsecured Creditors."[2]

6. There appears to be a typographical error in paragraph 3.1.2 on page 17 of the Plan, and also in paragraph 3.10.2 on page 25 of the Plan. In each paragraph the phrase "rights an interest" appears once, whereas it appears that the phrase "rights and interest" was intended. The Debtor must correct this.

7. The Plan first defines "MCA Creditors" in paragraph 3.10.4 on page 25 of the Plan. The Debtor must include that definition in the alphabetical list of definitions in Paragraph 1.2 of the Plan.

8. The Plan defines "Available Proceeds" in paragraph 1.2.62 on page 10. This definition is listed out of the correct order, in that it is not in alphabetical order as the other definitions are. The Debtor must place this definition in the correct alphabetical order among the Definitions.

9. Paragraph 13.3 of the Plan on page 38 is inconsistent, at least in part, with paragraph 5.6 of the Plan on page 28, which states that "[a]ll Avoidance Actions, Causes of Action and rights to object to the Claims of any Insider or Related Entity shall transfer to the Liquidation Trust on the Effective Date." The same is true about the statement in paragraph IV.C of the

---

[2] Here the Court has added the phrase "from the Sale Proceeds" to more clearly state what the Court assumes is the Debtor's intended meaning, given the reference to "Sale Proceeds" in the first sentence of paragraph 3.10.4 on page 25.

Disclosure Statement on page 55, where it says that the Debtor, rather than the Liquidation Trust, "reserves the right to collect all accounts receivable and all other amounts due the Debtor" and that "[t]he Debtor reserves the right to commence Avoidance Actions unless expressly waived or released in the Plan." The Debtor must correct these inconsistencies.

10. In the amended plan and disclosure statement to be filed as required by this Order, the Debtor must give any updated information then available regarding any exercise by the Committee of its challenge rights as against the Bank of Ann Arbor. *See* paragraph III.B.iii of the Disclosure Statement, at page 52.

11. The Debtor must add the following phrase to the last sentence in paragraph 7.1 of the Plan on page 32: ", subject to the limitations of 11 U.S.C. § 1127(b)."

12. The Debtor must amend paragraph 5.7 of the Plan on page 29 to add a statement that a list of transfers the Debtor made within 90 days before filing the petition is attached as Exhibit B to the Plan. This statement is included in the Disclosure Statement in paragraph IV.C on page 55, but it also must be included in paragraph 5.7 of the Plan.

13. In the second paragraph of section VII.C of the Disclosure Statement on page 66, the Debtor must change "VI.B" to "VII.B."

14. The Debtor must amend Section VII.E of the Disclosure Statement on page 67, so that it states, in its entirety:

> If the plan is confirmed by the Court:
>
> 1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.
>
> 2. Except as provided in the plan and in 11 U.S.C. § 1141(d):

      (a) In the case of a corporation that is liquidating and not continuing its business, **as in this case**:

          (1) Claims and interests will not be discharged.

          (2) Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.

Accordingly,

IT IS ORDERED that no later than **January 9, 2025**, the Debtor must file an amended combined plan and disclosure statement, and its exhibits, that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **January 9, 2025**, the Debtor also must file all Plan Supplements and Exhibits, either as exhibits to the amended combined plan and disclosure statement or separately.

IT IS FURTHER ORDERED that no later than **January 9, 2025**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Combined Plan of Liquidation and Disclosure Statement," filed December 16, 2024.

**Signed on December 20, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**