**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                              Case No. 24-47922-tjt

Heritage Collegiate Apparel, Inc. f/k/a             In Proceedings Under
M-Den, Inc., d/b/a The M Den                        Chapter 11

                                                    Hon.  Thomas J. Tucker

                          Debtor.
_____/

## PLAN SUPPLEMENT TO DEBTOR'S FIRST AMENDED COMBINED PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT

The above captioned Debtor files this Supplement to its First Amended

Combined Plan of Liquidation and Disclosure Statement ("Plan") [DN 228], which

was filed on January 9, 2025. This Supplement should be read in connection with,

and as a supplement to, the Debtor's Plan.

                              Respectfully submitted:

                              SCHAFER AND WEINER, PLLC

                              /s/ Kim K. Hillary
                              KIM K. HILLARY (P67534)
                              HOWARD BORIN (P51959)
                              SCHAFER AND WEINER, PLLC
                              Counsel for Debtor
                              40950 Woodward Ave., Ste. 100
                              Bloomfield Hills, MI 48304
                              (248) 540-3340
Dated:  January 9, 2025       khillary@schaferandweiner.com

{01094854.1}

1

# Exhibit 1.2.68

{01094840.1}

# HERITAGE COLLEGIATE APPAREL, INC.,
## LIQUIDATION TRUST

This Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den, Liquidation Trust, dated ____ ___, 2025 ("Liquidation Trust"), is made and entered into by Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den ("Debtor") and _____ in his/her capacity as the trustee for this Liquidation Trust ("Trustee").  This Liquidation Trust is executed in connection with *Debtor's First Amended Combined Plan of Liquidation and Disclosure Statement* and *Order Confirming Debtor's Plan of Liquidation* (together the "Plan") on file with the Bankruptcy Court for the Eastern District of Michigan, Case No. 24-47922, at docket numbers 228 and ___, which call for and rely on the establishment of this Liquidation Trust.  Debtor and the Trustee hereby establish the Liquidation Trust and its governing rules and provisions.

## Recitals

**WHEREAS**, Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code[1] in the United States Bankruptcy Court for the Eastern District of Michigan ("Bankruptcy Court"), Case No. 24-47922 ("Case"), on August 16, 2024 (the "Petition Date");

**WHEREAS**, Debtor has operated as a debtor-in-possession since the Petition Date;

**WHEREAS**, On September 3, 2024, the Office of the United States Trustee formed an official committee of creditors holding unsecured claims under § 1102 (the "Committee");

**WHEREAS,** Debtor filed its Plan of Liquidation on November 16, 2024.  The Effective Date of the Plan is the first business day after the Confirmation Order[2] becomes a Final Order;

**WHEREAS**, the Plan calls for and relies upon the establishment of the Liquidation Trust for the benefit of holders of unpaid Professional Fees required to be paid pursuant to section 3.10.7 of the Plan and Allowed Class X Claims ("Trust Beneficiaries");

**WHEREAS**, the Liquidation Trust is accordingly established pursuant to Revenue Procedure 91-15 promulgated by the Internal Revenue Service (the "IRS") (i) for the purpose of collecting, administering, and distributing payments and other assets received from Debtor under the Plan (collectively, "Trust Assets") to the Trust Beneficiaries and (ii) to pay other claims and statutory fees, to the extent required by the Plan and this Liquidation Trust;

**WHEREAS**, the Liquidation Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business;

---

[1] Except as otherwise noted herein, all section references herein are references to sections of the Bankruptcy Code.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Plan.

**WHEREAS**, the Trustee shall have all powers deemed by the Trustee necessary to implement the provisions of this Liquidation Trust and administer the Liquidation Trust, including, without limitation, the power to (i) prosecute for the benefit of the Trust Beneficiaries, through counsel, and other professionals selected by the Trustee, any Causes of Action that is assigned to the Liquidation Trust; (ii) preserve, maintain, and liquidate the Trust Assets; (iii) distribute the Trust Assets and their proceeds to the Trust Beneficiaries; and (iv) otherwise perform the functions and take the actions provided for in the Plan, this Liquidation Trust, and in any other agreement executed pursuant to the Plan and this Liquidation Trust;

**WHEREAS**, the Liquidation Trust is intended to qualify as a liquidating trust for U.S. federal income tax purposes, within the meaning of Treas. Reg. § 301.7701-4(d), and as a "grantor trust" for U.S. federal income tax purposes, pursuant to the provisions of Code Secs. 671-677 of the Internal Revenue Code (the "IRC"), and to be exempt from the requirements of the Investment Company Act of 1940 pursuant, *inter alia,* to Sections 7(a) and 7(b) thereof;

**WHEREAS**, in the event the Liquidation Trust fails, or ceases to qualify, as a liquidating trust in accordance with the IRC, the parties to this Liquidation Trust intend that the Trustee take any action deemed necessary to have the Liquidation Trust classified as a partnership for federal tax purposes under Treas. Reg. § 301.7701-3, including, if necessary, creating or converting the Liquidation Trust into a limited liability partnership or limited liability company, taxed, for U.S. federal income tax purposes, as a partnership;

**WHEREAS**, the Bankruptcy Court shall have jurisdiction over the Liquidation Trust, the Trustee, and the Trust Assets as provided in the Plan and this Liquidation Trust;

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants contained herein, Debtor and the Trustee agree as follows:

## ARTICLE I - DECLARATION OF TRUST

**1.1.** **Creation of Trust.** Debtor and the Trustee hereby create the Liquidation Trust pursuant to the Plan, provisions of chapter 11 of the Bankruptcy Code, and other applicable law.

## ARTICLE II - NAME OF TRUST

**2.1.** **Name of Trust**. The Liquidation Trust shall be called the "Heritage Collegiate Apparel, Inc., Liquidation Trust."

## ARTICLE III - TRUST PURPOSE AND FUNDING

**3.1.** **Trust Purpose**. The purpose of this Liquidation Trust is to implement the Plan on behalf of, and for the benefit of, the Trust Beneficiaries, by collecting, administering, and distributing the Trust Assets from Debtor to the Trust Beneficiaries in accordance with the Plan, this Liquidation Trust, and Treas. Reg. § 1.7701-4(d), with no objective to continue or engage in the conduct of any trade or business. The Liquidation Trust will neither hold itself out as an investment company or an entity engaged in the conduct of a trade or business, nor conduct a trade or business.

### 3.2. **Funding.**

**3.2.1.** Debtor hereby agrees to fund the Liquidation Trust according to the terms of the Plan. Said funding will be for the sole benefit of the Trust Beneficiaries under 11 U.S.C. § 1123(a)(5)(B) and (b)(3)(B). Assets funded into the Liquidation Trust will also be free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial, or otherwise) of all other entities or individuals, to the maximum extent contemplated by and permissible under 11 U.S.C. § 1141(c). Nothing in this Liquidation Trust is intended, or shall be construed, in any manner, to effect a release, extinguishment, or compromise of any claim or Cause of Action transferred into the Liquidation Trust pursuant to the Plan or otherwise. The Trust Assets and all other property held from time to time by the Trustee under this Liquidation Trust, and any earnings, including, without limitation, interest, on any of the Trust Assets, are to be applied by the Trustee in accordance with the Plan and this Liquidation Trust for the benefit of the Trust Beneficiaries, and for no other party, whether an entity or an individual, subject to the further covenants, conditions, and terms hereinafter set forth. To the extent possible, Trust Assets shall be invested in a federally insured bank, or banks, to ensure that the Trust Assets are fully insured.

**3.2.2.** To the extent that any assets of Debtor cannot be transferred to the Trustee, because of a restriction on transferability, under applicable nonbankruptcy law that is not superseded by section 1123 or any other provision of the Bankruptcy Code (the "Non-Transferable Assets"), such Non-Transferable Assets shall be retained by the Debtor and held in trust solely for the benefit of the Trustee. The proceeds of any such Non-Transferable Assets retained by Debtor shall be promptly paid to the Trustee by Debtor pursuant to the Plan as if such transfer had not been restricted under applicable nonbankruptcy law. The Trustee may commence an action in the Bankruptcy Court to resolve any dispute regarding the payment to the Trustee of the proceeds of any Non-Transferable Asset retained by the Debtor pursuant to the Plan and this Liquidation Trust.

**3.2.3.** For all federal, state and local income tax purposes, all relevant parties (including, without limitation, the Debtor, the Trustee, and the Trust Beneficiaries) shall treat the transfer of the Trust Assets to the Trustee for the benefit of the Trust Beneficiaries, whether the applicable Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Trustee (but only at such time as actually transferred) as (i) each Holder of a Claim for unpaid Professional Fees required to be paid pursuant to section 3.10.7 of the Plan and Allowed Class X Claims ("Allowed Claim") transferring such Allowed Claim to the Debtor in exchange for such Holder's share of the Trust Assets in addition to other distributions to which such Holder may be entitled under the Plan, and then (ii) as such Holder transferring its share of the Trust Assets to the Trustee in exchange for such Holder's share of the proceeds of the Trust Assets in accordance with the terms of the Plan (collectively, the "Beneficial Interests"). For clarity, a Beneficial Interest refers only to a Trust Beneficiary's share of the Trust Assets and/or right to receive a share of the proceeds of the Trust Assets and does not include any other right inferred upon the Trust Beneficiaries under this Trust Agreement or otherwise. Notwithstanding the foregoing, all holders of a Beneficial Interest are bound by the terms of this Liquidation Trust. Such Holders (and all Holders collectively) shall be treated as the grantor(s) and owner(s) of the Liquidation Trust. To the extent Trust Assets are allocable to Disputed Claims that are the responsibility of the Trustee to resolve, all such relevant parties shall treat such Trust Assets as transferred directly to the Disputed Claims Reserve (as defined herein).

**3.2.4.** As soon as possible after the Effective Date, the Trustee, in reliance upon such professionals as the Trustee may retain in accordance with the Plan and this Liquidation Trust, shall make a good faith valuation of the Trust Assets. Notwithstanding the foregoing sentence, the Trustee need not obtain an appraisal for any Trust Asset.

**3.3.** **Liquidation of Trust Assets.** Under the terms of the Plan and this Liquidation Trust, the Trustee shall liquidate and convert to Cash the Trust Assets, make timely distributions in accordance with the terms of the Plan and this Liquidation Trust, and not unduly prolong the existence of the Liquidation Trust. The Trustee shall exercise reasonable business judgment and liquidate the Trust Assets to maximize net recoveries, provided, however, that the Trustee shall be entitled to take into consideration the risks, timing and costs of potential actions in making determinations as to the maximization of recoveries. Such liquidations may be accomplished through (a) the prosecution, compromise, settlement, abandonment, and/or dismissal of any or all claims, rights, or causes of action, (b) the sale, abandonment, and/or other disposition of the Trust Assets (in whole or in combination, and including the sale of any claims, rights, or causes of action), or (c) such other means as the Trustee may determine, in the exercise of the Trustee's reasonable business judgment, to be appropriate. The Trustee may incur reasonable and necessary expenses in connection with the liquidation and conversion of the Trust Assets into Cash, or in connection with the administration of the Liquidation Trust.

## ARTICLE IV - TRUSTEE APPOINTMENT

**4.1.** **Appointment and Acceptance of Trustee.** The Trustee of this Liquidation Trust upon its execution and approval from the Bankruptcy Court is _____ who shall serve from year to year unless replaced in accordance with the terms of the Plan and this Liquidation Trust. The Trustee shall be deemed to be appointed under section 1123(b)(3)(B).

**4.2.** **Acceptance of Trust.** The Trustee accepts appointment as Trustee of this Liquidation Trust and the grant, assignment, transfer, conveyance, and delivery to the Trustee on behalf of, and for the benefit of, the Trust Beneficiaries, all of Debtor's right, title, and interest in the Trust Assets, upon and subject to the terms and conditions set forth in the Plan and this Liquidation Trust.

## ARTICLE V – REVERSION

**5.1.** **Reversion to Debtor.** To the extent that any property or Trust Assets remain in this Liquidation Trust after satisfaction in full of all Allowed Claims and all of the costs and expenses of the administration of the Liquidation Trust, the Trustee shall distribute such funds to the Debtor or, to the extent a distribution to the Debtor is not practical or possible, to its principals according to their membership percentages as of the Petition Date.

**5.2.** **Incidents of Ownership.** The Trust Beneficiaries shall be the sole beneficiaries of the Liquidation Trust, the Trust Assets, and their proceeds; and the Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized in the Plan and this Liquidation Trust.

## ARTICLE VI – TRUST BENEFICIARIES

**6.1.    Conflicting Claims**.  If any conflicting claims or demands are made or asserted with respect to a Beneficial Interest, the Trustee shall be entitled, in his sole discretion, to refuse to comply with any such conflicting claims or demands.  In so refusing, the Trustee may elect to make no payment or distribution with respect to the Beneficial Interest represented by the claims or demands involved, or any part thereof, and the Trustee shall refer such conflicting claims or demands to the Bankruptcy Court and/or any court of competent jurisdiction, as may be appropriate.  In so doing, the Trustee shall not be or become liable to any party for his refusal to comply with any of such conflicting claims or demands.  The Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order or (b) all differences have been resolved by a written agreement among all of such parties and the Trustee, which agreement shall include a complete release of the Liquidation Trust and the Trustee (the occurrence of either (a) or (b) being referred to as a "Dispute Resolution").  Until a Dispute Resolution is reached with respect to such conflicting Claims or demands, the Trustee shall hold any payments or distributions from the Trust Assets or their proceeds to be made with respect to the Beneficial Interest at issue in the Disputed Claims Reserve.  Promptly after a Dispute Resolution is reached, the Trustee shall transfer the payments and distributions, if any, held in the Dispute Claims Reserve in accordance with the terms of such Dispute Resolution.

**6.2.    Rights of Trust Beneficiaries**.  Each Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Trust Beneficiary hereunder according to the terms of this Liquidation Trust.  Each Trust Beneficiary shall take and hold the same, subject to all the terms and conditions of the Plan and this Liquidation Trust.  The interest of a Trust Beneficiary is hereby declared to be, and shall be, in all respects, personal property.  Except as expressly provided hereunder, a Trust Beneficiary shall have no title to, right to, possession of, management of, or control of the Liquidation Trust, the Trust Assets, or their proceeds.

**6.3.    Interest Beneficial Only**.  The ownership of a Beneficial Interest in the Liquidation Trust shall not entitle any Trust Beneficiary to any title in, or to, any of the Trust Assets or their proceeds, nor to any right to call for a partition or division of such assets or proceeds or to require an accounting.

**6.4.    Evidence of Beneficial Interest**.  Ownership of a Beneficial Interest in the Liquidation Trust will be evidenced by the books and records of the Liquidation Trust maintained by the Trustee.  The Trustee shall, upon written request of a Trust Beneficiary, provide reasonably adequate documentary evidence of such Trust Beneficiary's Beneficial Interest, as indicated in the books and records of the Liquidation Trust, provided, however, that no physical certificates shall be issued representing the Beneficial Interests.  The expense of providing such documentation shall be borne solely by the requesting Trust Beneficiary.

**6.5.    Transfers of Beneficial Interests.**  Beneficial Interests may be transferred, sold, or assigned only by operation of law as provided for in the Plan and this Liquidation Trust.  The Trust Beneficiaries may not assign or transfer any other right or interest granted hereunder and the transferee of a Beneficial Interest shall be entitled only to the distributions or profits to which the Trust Beneficiary would be entitled and shall have no other rights incidental to the status of Trust Beneficiaries.  Furthermore, all purchasers, transferees or other holders of a Beneficial Interest shall be

bound by the terms of this Liquidation Trust.  For the avoidance of doubt, the transfer of any Beneficial Interests in accordance with the terms of the Plan and this Liquidation Trust is not intended to create or facilitate the creation of an active trading market for the Beneficial Interests and the Trustee shall not encourage or facilitate the creation of an active trading market in the Beneficial Interests.

**6.6** **Beneficiary Representatives**.  Up to three representatives, each of whom is a Trust Beneficiary or a representative of a Trust Beneficiary may be selected by the Committee to represent the interest of the Trust Beneficiaries under this Trust, and to serve hereunder ("Beneficiary Representatives").  If none are selected by the Committee, or if a serving Beneficiary Representative resigns or becomes incapacitated, the Trustee may select a creditor with an Allowed Unsecured Claim to serve as Beneficiary Representative or the Trustee may, in his or her discretion, serve as the Beneficiary Representative.

<u>**ARTICLE VII – DURATION AND TERMINATION OF LIQUIDATION TRUST**</u>

**7.1.** **Duration.**  The Liquidation Trust shall become effective upon the Effective Date and shall remain and continue in full force and effect until terminated as provided herein.  The Liquidation Trust shall terminate (the "Termination Date") on the date that is five (5) years from the Effective Date; provided, however, that, on or prior to a date less than six (6) months prior to such termination, the Bankruptcy Court, upon a motion filed by the Trustee, may extend the term of the Liquidation Trust, if necessary to liquidate any remaining Trust Assets (in a manner that would maximize the value of such assets).  In addition to the foregoing, multiple extensions may be obtained, so long as Bankruptcy Court approval is obtained on a date within the period of six (6) months prior to the expiration of each extended term.  The aggregate of all extensions shall not exceed two (2) years, unless the Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust within the meaning of Treas. Reg. § 301.7701-4(d) for U.S. federal income tax purposes.  Upon the termination of the Liquidation Trust, the Trustee shall have the power to exercise all powers, authorities, and discretions herein conferred until the complete distribution of the Trust Assets under the terms of the Plan and this Liquidation Trust.  The Trustee shall provide a final distribution and final report to the Trust Beneficiaries according to the books and records of the Liquidation Trust.  While giving due consideration to the foregoing, the Trustee shall not unduly prolong the duration of the Liquidation Trust and shall at all times endeavor to dispose of and resolve all Trust Assets and Claims to effect a final distribution of the Trust Assets to the Trust Beneficiaries as soon as administratively practicable.  Upon such termination and complete satisfaction of its duties under the Liquidation Trust, the Trustee will be forever discharged and released from all power, duties, responsibilities, and liabilities pursuant to the Liquidation Trust other than those attributable to fraud, gross negligence or willful misconduct of the Trustee.

**7.2.** **Post-Termination.**  After the termination of the Liquidation Trust, and solely for the purpose of liquidating and winding down the affairs of the Liquidation Trust, the Trustee shall continue to act as such until its duties have been fully performed.  Upon distribution of all of the Trust Assets and their proceeds, the Trustee shall retain the books, records, and files of the Liquidation Trust that shall have been delivered to or created by the Trustee, as part of the Trustee's administrative responsibilities and obligations hereunder.  At the Trustee's discretion, all of such books, records, and files may be destroyed at any time following the date that is six (6) years after the final distribution of Trust Assets or their proceeds (unless such books, records and files are necessary to fulfill the Trustee's

obligations hereunder) subject to the terms of any joint prosecution and common interests agreement(s) to which the Trustee is a party. Except as otherwise specifically provided herein, upon the final distribution of Trust Assets and/or their proceeds, the Trustee shall be deemed discharged and have no further duties or obligations hereunder, the Beneficial Interests shall be cancelled and the Liquidation Trust will be deemed to have been dissolved.

## ARTICLE VIII – DISTRIBUTIONS AND ADMINISTRATION OF LIQUIDATION TRUST

### 8.1. **Generally.**

**8.1.1. Funding for the Distribution to Creditors.** Distributions to the Trust Beneficiaries under the Plan shall be funded by the Trust Assets and their proceeds, in each case pursuant to the Plan and this Liquidation Trust. Distributions shall be made after the payment or reservation for payment, as applicable, of the expenses of administering the Liquidation Trust, including, without limitation, the wind down and closing of the Case and the wind down of this Liquidation Trust including, without limitation, the preparation and filing of any final tax returns (including with respect to any fees and expenses incurred by any professionals retained by the Trustee after the Confirmation Date), the fees and expenses of the Trustee and its retained professionals.

**8.1.2. Distribution in Order of Priority.** The Trustee shall make distributions to Holders of Allowed Claims in accordance with the priorities set forth under 11 U.S.C. §507, which requires payment as follows:

- First, to the payment on a pro-rata basis of (a) the fees and expenses of the Trustee and his retained professionals and (b) unpaid Professional Fees required to be paid pursuant to section 3.10.7 of the Plan;

- Third, to the Holders of Allowed Class X Claims on a pro-rata basis.

To the extent the above conflicts with the priority scheme set forth in 11 U.S.C. §507 of the Bankruptcy Code, 11 U.S.C. §507 shall control. All Claims in each Group or Class shall be paid in an amount equal to their *pro rata* share until such Claims are fully paid. "*Pro rata*" means the proportion that a Trust Beneficiary's Beneficial Interests on account of Allowed Claims in such Group or Class bears to the aggregate amount of Beneficial Interests that are held by all Trust Beneficiaries holding Allowed Claims in such Group or Class.

**8.1.3 No Further Court Authorization.** Except as provided in the Plan and this Liquidation Trust, the Trustee will continue the orderly administration of the Trust Assets and otherwise implement the provisions of the Plan, and, in connection with the foregoing, may transfer, assign, sell, liquidate, monetize or otherwise deal with the Trust Assets without necessity of any further order of the Bankruptcy Court and/or state court or other governmental body.

### 8.2. **Procedures for Treating and Resolving Disputed Claims.**

**8.2.1. Process for Objection to Claims.** All Objections to Claims shall be administered in accordance with the Plan and this Liquidation Trust.

**8.2.2.  No Distribution Pending Allowance**.  Notwithstanding any other provision of the Plan and this Liquidation Trust, if any portion of a Claim is Disputed, no payment or distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

**8.2.3.  Distributions after Allowance**.  Any Claim (or portion thereof) that is Disputed and then subsequently Allowed, shall be an Allowed Claim, not a Disputed Claim, in such amount and to the extent it is subsequently Allowed.  Except as otherwise provided herein, if, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Trustee shall distribute to the Holder of such Allowed Claim a Pro Rata amount of Beneficial Interests based on the amount of such Allowed Claim compared to the aggregate amount of all Allowed Claims together with a catch-up distribution in Cash from the Disputed Claims Reserve in accordance with the Plan, in the amount the Holder of such Claim would have received had its Claim been Allowed on the Effective Date and such Holder had received all distributions of Cash made to other Holders of Allowed Claims since the Effective Date under the Plan and this Liquidation Trust .

### 8.2.4.  Disputed Claims.

#### 8.2.4.1.  Resolution of the Disputed Claims.

1)  The Trustee shall have the authority, but not the obligation, to settle all Disputed Claims without further Bankruptcy Court order.  The procedures for resolving any Disputed Claims shall be as follows: at its option, in lieu of, or in addition to the filing of an objection, the Trustee may (A) request that the Holder of a Disputed Claim provide documentation to evidence the validity and amount of such Disputed Claim, and/or (B) submit a written settlement proposal to the holder of a Disputed Claim as to the validity, amount, priority and payment of such claim.  The Holder of a Disputed Claim may accept the Trustee's settlement proposal at any time within fourteen (14) days of the Trustee's mailing of such counter-proposal, or such additional time agreed to by the Trustee.  If the settlement is reached, the Disputed Claim shall be deemed settled in accordance with the terms of the proposal, without the necessity for further order of the Bankruptcy Court and/or any court with competent jurisdiction).  The Trustee may file with the Bankruptcy Court a quarterly notice of Disputed Claims resolved during the prior quarter, starting with the first quarter after the Effective Date.

2)  If no settlement is reached pursuant to the paragraph above, the Trustee shall have the option to require the Holder of a Disputed Claim to participate in a non-binding mediation process. All such mediation shall be conducted at the offices of the Trustee, pursuant to the applicable Bankruptcy Rules.  In the event that mediation is scheduled and the Holder of the Disputed Claim does not participate in the mediation, the Disputed Claim shall be forever Disallowed and expunged in its entirety.

3)  If the Trustee and the Holder of a Disputed Claim are unable to reach a settlement on the Disputed Claim pursuant to the procedures set forth above, such Disputed Claim shall be submitted to the Bankruptcy Court for resolution.  If it is determined that the Bankruptcy Court does not have jurisdiction to resolve the Disputed Claim, then the Disputed Claim shall be submitted to a court of appropriate jurisdiction for resolution.

4) In lieu of the procedures set forth in this Section, the Trustee may seek to settle, compromise or otherwise resolve any Disputed Claim at any time in accordance with any existing claims settlement procedures approved by the Bankruptcy Court.

**8.2.4.2. Estimation of Disputed Claims**. The Trustee may at any time request that the Bankruptcy Court estimate any Disputed Claim pursuant to 11 U.S.C. § 502(c) regardless of whether the Debtor or the Trustee previously objected to such Claim, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Trustee, as applicable, may pursue supplementary proceedings to object to the allowance of such Claim. On and after the Effective Date, Claims that have been estimated may be compromised, settled, withdrawn or otherwise resolved, without further order of the Bankruptcy Court.

**8.2.4.3. Cumulative Effect**. All the objection, estimation and resolution procedures set forth in the Plan and this Liquidation Trust are intended to be cumulative (where possible) and not exclusive of one another.

**8.3. Trust Reserves.**

**8.3.1. Trust Administration Account**. The Trustee shall have the authority to establish and maintain bank accounts (the "Trust Administration Account") and utilize the funds in these accounts (i) to pay reasonable expenses of the Liquidation Trust that are incurred (including, but not limited to, any taxes imposed on the Trust or professional fees and expenses in connection with the administration and liquidation of the Trust Assets and preservation of books and records); (ii) to satisfy other obligations or other liabilities incurred or assumed by the Liquidation Trust (or to which the Trust Assets are otherwise subject) in accordance with the Plan and this Liquidation Trust , including fees and costs incurred in connection with the protection, preservation, liquidation and distribution of the Trust Assets and the costs of investigating, prosecuting and resolving the Causes of Action and other Trust Assets; and (iii) to satisfy any other obligations of the Liquidation Trust expressly set forth in the Plan and this Debtor's Trust Agreement.

**8.3.2. Disputed Claim Reserves**.

**8.3.2.1. Establishment**. On the Effective Date, or as soon thereafter as such funds are available, the Trustee shall set aside Cash sufficient in the aggregate to fund the reserves for Disputed Claims (the "Disputed Claims Reserve") on a Pro Rata basis. Once such Disputed Claims are resolved and become Allowed, Cash in the Disputed Claims Reserve shall be made available for distribution to the Holders of such newly Allowed Claims in accordance with the Plan and this Liquidation Trust. If all Claims are either Allowed and satisfied or Disallowed, any remaining funds in the Disputed Claims Reserve shall be used to fund first the Trust Administration Account (if necessary), and the remainder shall be used for distributions to the Trust Beneficiaries.

**8.3.2.2 Funding Amount**. The Trustee may fund the Disputed Claims Reserve based on the face amount of the Disputed Claim Holder's Proof of Claim (or, if no Proof of

Claim was filed, the amount set forth in the Schedules with respect to such Disputed Claim) or request that the Bankruptcy Court estimate the amount of any Disputed Claim pursuant to section 502(c), in which event the amount so estimated shall be deemed the amount of the Disputed Claim for purposes of funding the Disputed Claims Reserve.

        8.3.3. **Other Reserves**. On the Effective Date, and as may be necessary and appropriate from time to time thereafter, the Trustee shall set aside amounts necessary to effect distributions for all Beneficial Interests in accordance with this Liquidation Trust.

        8.3.4. **Funding the Trust Administration Account.** The Trustee shall deposit the proceeds of all Trust Assets into the Trust Administration Account. The funds in the Trust Administration Account shall be used to pay the cost of administrating the Trust and to make distributions on account of the Allowed Claims pursuant to section 8.1.2.

### 8.4. **Distributions.**

        8.4.1. **Party Responsible For Making Distributions**. Subject to the Plan and this Liquidation Trust, the Trustee shall be charged with making distributions required under the Plan to the Trust Beneficiaries with respect to their Allowed Claims.

        8.4.2. **Timing of Distributions**.

        8.4.2.1. Distributions shall be made as soon as practicable to the extent that the Trustee determine there are adequate funds on hand in the Liquidation Trust to permit a distribution to Trust Beneficiaries. The Trustee shall maintain reasonable cash reserve as shall be determined by the Trustee in his or her sole and complete discretion.

        8.4.2.2. **Withholding of Distributions**. All distributions under the Plan and all related agreements shall be subject to any applicable withholding and reporting requirements. In addition to any other withholding authorized hereunder, in the case of a Cash distribution that is subject to withholding, the Trustee may withhold from amounts distributable on account of Allowed Claims any and all amounts determined in the Trustee's reasonable and sole discretion to be required by any law, regulation, rule, ruling, directive or other governmental requirement. In the case of a non-Cash distribution that is subject to withholding, the distributing party may withhold an appropriate portion of such distributed property and sell such withheld property to generate Cash necessary to pay the withholding tax. All such amounts withheld, and paid to the appropriate taxing authority, shall be treated as amounts distributed to such Trust Beneficiaries for all purposes of this Liquidation Trust. The Trustee shall be authorized to collect such tax information from the Holders of Allowed Claims (including, without limitation, social security numbers or other tax identification numbers) as it in its sole discretion deems necessary to effectuate the Plan and this Liquidation Trust. The Trustee may require any of the holders of Allowed Claims to furnish to the Trustee (i) its taxpayer identification number ("TIN") as assigned by the IRS, or (ii) in the case of Trust Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on IRS Form W-8BEN or W-8ECI, and the Trustee may condition any distribution to any of the Trust Beneficiaries upon receipt of such identification number or certification. If, within 90 days after a written request by the Trustee, a Trust Beneficiary fails to supply sufficient information to permit the Trustee to file the necessary and appropriate tax filings, such Trust Beneficiary shall be deemed to have abandoned any rights to receive any and all a distribution which would otherwise have been due to the Trust Beneficiary. If the Trustee

fails to withhold in respect of amounts received or distributable with respect to any such Holder and the Trustee is later held liable for the amount of such withholding, such Holder shall reimburse, promptly upon written request, the Trustee for such liability. Notwithstanding the foregoing, each Holder of an Allowed Claim that receives a distribution under the Plan shall have the sole and exclusive responsibility for any taxes imposed by any governmental unit, including income, withholding and other taxes, on account of such distribution.

**8.4.2.3.** **Delivery of Distributions and Undeliverable Distributions**. Subject to Fed. R. Bankr. P. 9010, all distributions to any Trust Beneficiary Claim shall be made at the address of such Trust Beneficiary as set forth on either the Schedules, a filed Proof of Claim, or the books and records of the Debtor, unless the Trustee has otherwise been notified by the Trust Beneficiary in writing of a change of address, including, without limitation, by the filing of a Proof of Claim by such Trust Beneficiary that contains an address for such Trust Beneficiary different from the address reflected on the Schedules, proofs of claim, or the Debtor's books and records. In the event that any distribution to any Trust Beneficiary is returned as undeliverable, no further distributions to such Trust Beneficiary shall be made unless and until the Trustee is notified of such Trust Beneficiary's then-current address, at which time all missed distributions shall be made to such Trust Beneficiary, without interest. At the option of the Trustee, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements. Checks issued by the Trustee in respect of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. All demands for undeliverable distributions (including requests for re-issuance of any voided check) shall be made to the Trustee on or before thirty (30) days after the expiration of the ninety (90) day period after the date such undeliverable distribution was initially made or the check was originally issued, as applicable. Thereafter, the amount represented by such undeliverable distribution (including a voided check) shall be deemed forfeited, and any Claim in respect of such undeliverable distribution (including a voided check) shall be Disallowed, discharged and forever barred. Any distributions that are forfeited or otherwise cancelled shall be distributed to the Holders of Allowed Claims (other than those whose distributions are deemed undeliverable hereunder) in accordance with this Liquidation Trust. If either (i) all Allowed Claims (other than those whose distributions are deemed undeliverable hereunder) have been paid in full or (ii) the largest amount of any final distribution to any Holder of an Allowed Claim would be $1,000 or less, then no further distribution shall be made and any surplus Cash shall be donated and distributed to a charitable organization.

**8.4.2.4.** **Allocation of Plan Distribution between Principal and Interest**. To the extent that any Allowed Claim entitled to distribution under the Plan consists of indebtedness and accrued but unpaid interest thereon, such distributions shall, for all income tax purposes, be allocated first to the principal amount of the Claim (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to the portion of such Claim representing accrued but unpaid interest.

**8.4.2.5.** **Priority of Distribution of Trust Assets and their Proceeds**. The Trustee shall apply any Trust Assets and/or their proceeds available for distribution in the order and reflecting the priorities set forth below:

1) **Costs and Expenses of the Liquidation Trust**. First, the Trustee shall pay all liabilities, costs and expenses of the Liquidation Trust, including, without

limitation, (a) payment of all professionals, employees, or agents of the Liquidation Trust, (b) compensation due and payable to the Trustee as specified in the Plan and this Liquidation Trust; and (c) reimbursement for any and all costs, expenses and liabilities incurred by the Trustee in connection with the performance of his or her duties under this Liquidation Trust.

2) **Allowed Claims**. The Trustee shall then make the payments required under the Plan and this Liquidation Trust to the Trust Beneficiaries in accordance with the terms and provisions of the Plan and this Liquidation Trust.

**8.5.** **Exchange Act/Exempt from Registration.** The Liquidation Trust is not intended to be subject to the registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "Exchange Act") or the rules and regulations promulgated thereunder, and neither are the Beneficial Interests intended to be "securities" as that term is used in the Exchange Act and applicable United States securities laws. The Trustee shall take such actions and implement its duties and powers with respect to the Liquidation Trust, to the furthest extent reasonably practicable, so as to not cause the Liquidation Trust to be required to register under the Exchange Act. Notwithstanding the foregoing, if the Liquidation Trust becomes subject to the registration requirements of the Exchange Act, the Trustee may, if appropriate, cause the Liquidation Trust to register pursuant to, and comply with, the applicable reporting requirements of the Exchange Act.

**8.6.** **Fiscal Year**. Except for the first and last years of the Liquidation Trust, the fiscal year of the Liquidation Trust shall be the calendar year. For the first and last years of the Liquidation Trust, the fiscal year of the Liquidation Trust shall be such portion of the calendar year that the Liquidation Trust is in existence.

**8.7.** **Books and Records.**

**8.7.1.** The Trustee shall maintain in respect of the Liquidation Trust and the Holders of Beneficial Interests historical books and records at its place of business for the period commencing on the date hereof through the term of this Liquidation Trust relating to the Trust Assets and income of the Liquidation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Liquidation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof in accordance with the Plan and this Liquidation Trust and to comply with applicable provisions of law. Such books and records shall be maintained on modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting requirements of the Liquidation Trust. Holders of Beneficial Interests shall have the right upon thirty (30) days prior written notice delivered to the Trustee to inspect such historical books and records (including financial statements), provided, that, if so requested, such holder shall have (i) entered into a confidentiality agreement satisfactory in form and substance to the Trustee in its sole discretion; and (ii) agreed to bear the costs of the Liquidation Trust incurred in connection with such inspection.

**8.7.2.** The Trustee, upon written request of one or more Trust Beneficiaries, shall no more frequently than annually, prepare and deliver one or more reports that specify in reasonable detail (i) the status of the Trust Assets assigned to the Liquidation Trust, including any settlements entered into by the Liquidation Trust; (ii) the fees and expenses of the Liquidation Trust and the Trustee, including any professional fees, incurred and/or earned during the most recent quarter; (iii) the

aggregate amount of proceeds from the Trust Assets received by the Liquidation Trust during the most recent quarter; (iv) the calculation of the Trust Assets available for distribution for the next distribution date; and (v) the aggregate amount of distributions from the Liquidation Trust to Trust Beneficiaries during the most recent quarter. The Trustee shall also timely prepare, file and distribute such additional statements, reports and submissions as may be necessary to cause the Liquidation Trust and the Trustee to be in compliance with applicable law.

**8.7.3.** Subject to the terms of any order of the Bankruptcy Court, on or after the Effective Date, pursuant to section 554(a), the Trustee is authorized, from time to time, without further application to the Bankruptcy Court or notice to any party, to abandon or otherwise destroy documents and records (whether in electronic or paper format) that it determines, in its reasonable business judgment, are no longer necessary to the administration of either the Case, the Plan or this Liquidation Trust.

**8.8.** __Insurance.__ The Trustee shall maintain insurance for any Trust Asset which is a hard asset. The Trustee, in his discretion, may maintain insurance coverage for himself and any other person serving as an administrator or overseeing the administration of this Liquidation Trust.

### ARTICLE IX – TAX MATTERS

**9.1.** __Tax Treatment.__

**9.1.1.** For all federal and applicable state and local income tax purposes, all parties (including, without limitation, the Debtor, the Trustee and the Trust Beneficiaries) shall treat the transfer of the Trust Assets to the Liquidation Trust for the benefit of the Trust Beneficiaries, whether their Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Liquidation Trust (but only at such time as actually transferred) as (i) a transfer of the Trust Assets (subject to any obligations relating to such Trust Assets) directly to the Trust Beneficiaries and, to the extent the Trust Assets are allocable to Disputed Claims that are the responsibility of the Liquidation Trust to resolve, to the Disputed Claims Reserve, followed by (ii) the transfer by the Trust Beneficiaries to the Liquidation Trust of the Trust Assets (other than the Trust Assets allocable to the Disputed Claims Reserves) in exchange for the proceeds of the Trust Assets. Accordingly, the Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Trust Assets (other than such Trust Assets as are allocable to the Disputed Claims Reserves). The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

**9.1.2.** The Liquidation Trust is intended to qualify as a "liquidating trust" within the meaning of Treas. Reg. § 301.7701-4(d) and as a "grantor trust" pursuant to IRC Sec. 671-679 and any comparable provision of state or local law, of which the beneficiaries of the Liquidation Trust are the owners and grantors, and treat the beneficiaries of the Liquidation Trust as the direct owners of an undivided interest in Trust Assets (other than any assets allocable to Disputed Claims), consistent with their economic interests therein.

**9.1.3.** In the alternative, if the Liquidation Trust shall fail or cease to qualify as a liquidating trust in accordance with Treas. Reg. § 301.7701-4(d), then this Liquidation Trust is intended to empower the Trustee to take such action as he shall deem appropriate to have the Liquidation Trust classified as a partnership for federal tax purposes under Treas. Reg. § 301.7701-3,

including, if necessary, creating or converting it into a limited liability partnership or limited liability company that is so qualified, subject to the provisions of the Plan and this Liquidation Trust.

**9.1.4.** The Trustee shall in good faith value the Trust Assets and make such valuation available from time to time. All parties shall consistently use such valuation for all federal and applicable state and local income tax purposes.

**9.1.5.** Allocations of the Liquidation Trust's taxable income (other than income attributable to assets in the Disputed Claims Reserve) among the Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (were such Cash permitted to be distributed at such time, and without regard to any restrictions on distributions) if, immediately prior to such deemed distribution, the Liquidation Trust had distributed all of its other assets (valued at their tax book value and other than assets allocable to Disputed Claims) to the Trust Beneficiaries, in each case up to the tax book value of the assets treated as contributed by such beneficiaries of the Liquidation Trust, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidation Trust. Similarly, taxable loss of the Liquidation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Trust Assets. The tax book value of the Trust Assets for this purpose shall equal their value as determined by the Trustee on the date such assets are transferred to the Liquidation Trust, adjusted in accordance with tax accounting principles prescribed by the IRC, applicable Treas. Reg., and other applicable administrative and judicial authorities and pronouncements.

**9.1.6.** Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Liquidation Trust of a private letter ruling if requested, or the receipt of an adverse determination by the IRS upon audit if not contested), the Liquidation Trust shall (i) timely elect to treat any Disputed Claims Reserve as "disputed ownership funds" governed by Treas. Reg. § 1.468B-9 by timely making an election, and (ii) to the extent permitted by applicable law, report consistent with the foregoing for state and local income tax purposes. All holders of Beneficial Interests shall report, for all tax purposes, consistent with the foregoing. With respect to any Trust Assets and any other income or gain of the Liquidation Trust allocable to Disputed Claims or the Disputed Claims Reserve, the Trustee shall cause the Liquidation Trust to pay any taxes imposed on the Liquidation Trust by any federal, state or local, or any non-U.S. taxing authority. The amount of such taxes paid by the Liquidation Trust with respect to a Disputed Claim or the Disputed Claims Reserve (i) will reduce the amount distributed with respect to such Claim to the extent it becomes an Allowed Claim and (ii) to the extent such Claim does not become an Allowed Claim, will reduce distributions ratably to all holders; provided, however, that any taxes that reduce distributions pursuant to the foregoing clauses (i) and (ii) shall, for all purposes of this Liquidation Trust , be treated as amounts distributed to those holders of Claims whose distributions are so reduced.

**9.1.7.** The Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Trustee or the Liquidation Trust under non-U.S. law relating to Taxes. The Trustee, or any other legal representative of the Liquidation Trust, shall not distribute the Trust Assets or their proceeds without having first obtained all certificates required to have been obtained under applicable non-United States law relating to taxes.

**9.2.** **Tax Reporting**. The "taxable year" of the Liquidation Trust shall be the "calendar year" as those terms are defined in IRC Sec. 441. The Trustee shall file with the IRS returns for the Liquidation Trust as a grantor trust pursuant to Treas. Reg. § 1.671-4(a). The Trustee also shall send annually (within seventy-five (75) days after the end of each calendar year) to each Trust Beneficiary a separate statement setting forth the Trust Beneficiary's share of items of income, gain, loss, deduction or credit, and shall instruct all of the Trust Beneficiaries to report such items on their U.S. federal income tax returns or to forward the appropriate information to such Trust Beneficiary's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns. Such reporting shall also occur within sixty (60) days of the dissolution of the Liquidation Trust.

**9.3.** **Tax Payment**. The Trustee shall be responsible for the payment, out of the Liquidation Trust, of any taxes imposed on the Liquidation Trust or the Trust Assets, including the Disputed Claims Reserve. In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claims Reserve is insufficient to pay any portion of such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (ii) to the extent such Disputed Claims subsequently have been resolved, deducted from any amounts distributable by the Trustee as a result of the resolutions of such Disputed Claims.

**9.4.** **Expedited Determination.** The Trustee may request an expedited determination of the taxes of the Liquidation Trust, including the Disputed Claims Reserves, under 11 U.S.C. § 505(b) for all returns for, or on behalf of the Liquidation Trust, for all taxable periods through the dissolution of the Liquidation Trust.

## ARTICLE X – POWERS OF, AND LIMITATIONS ON, THE TRUSTEE

**10.1.** **Powers of the Trustee.**

**10.1.1.** The Trustee shall have the responsibility for administering this Liquidation Trust, maintaining the Trust Administration Account, Disputed Claim Reserve, liquidating the Trust Assets and making distributions under the Plan and this Liquidation Trust. Pursuant to the terms of the Plan and this Liquidation Trust, the Trustee shall have various powers, duties and responsibilities concerning the disposition of Trust Assets, and other obligations relating to the administration of this Liquidation Trust.

**10.1.2.** The Trustee shall have such rights, powers and privileges expressly set forth in the Plan and this Liquidation Trust, and as otherwise provided by applicable law. Subject to the other provisions herein, the Trustee shall be expressly authorized, but not required, to undertake the following actions, in the Trustee's good faith judgment, in the best interests of the Trust Beneficiaries and to maximize net recoveries therefor:

**10.1.2.1.** prosecute, settle or otherwise compromise or abandon for the benefit of the Liquidation Trust all Claims and Causes of Action transferred by Debtor to the Liquidation Trust or arising in favor of the Liquidation Trust, including, without limitation, take any action with respect to appeals, counterclaims, and defenses of such Claims and Causes of Action;

**10.1.2.2.** settle any Claims without further order of the Bankruptcy Court and with notice to Debtor;

**10.1.2.3.** liquidate the Trust Assets;

**10.1.2.4.** execute any documents and take any other actions related to, or in connection with, the liquidation of the Trust Assets and the exercise of the Trustee's powers granted herein;

**10.1.2.5.** hold legal title to and enforce any and all rights of the Trust Beneficiaries in, to, or arising from the Trust Assets;

**10.1.2.6.** protect and enforce the rights to the Trust Assets vested in the Trustee by the Plan and this Liquidation Trust, by any method deemed reasonably appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law, applicable non-bankruptcy law, and general principles of equity;

**10.1.2.7.** take all reasonable actions to resolve Disputed Claims in accordance with the Plan and this Liquidation Trust;

**10.1.2.8.** make distributions of the Trust Assets and their proceeds to the appropriate Trust Beneficiaries in accordance with the Plan and this Liquidation Trust;

**10.1.2.9.** file, if necessary, any and all tax returns with respect to the Liquidation Trust (and the Disputed Claims Reserve) and pay taxes properly payable by the Liquidation Trust (and the Disputed Claims Reserve), if any;

**10.1.2.10.** make all necessary filings concerning the Liquidation Trust in accordance with any applicable law, statute or regulation, including, but not limited to, the Exchange Act;

**10.1.2.11.** determine and satisfy from the Trust Assets any and all taxes and ordinary course liabilities, including reasonable professional fees and expenses, created, incurred or assumed by the Liquidation Trust that the Liquidation Trust reasonably requires to perform its responsibilities under the Plan without further order from the Bankruptcy Court;

**10.1.2.12.** request any appropriate tax determination, including, without limitation, a determination pursuant to 11 U.S.C. § 505;

**10.1.2.13.** in the event that the Trustee determines that the Trust Beneficiaries or the Liquidation Trust may, will or have become subject to adverse tax consequences, take such actions that will, or are intended to, alleviate such adverse tax consequences, including taking any and all necessary actions as the Trustee shall deem appropriate to have the Liquidation Trust classified as a partnership for federal tax purposes under Treas. Reg. § 301.7701-3 (but not a publicly traded partnership under IRC Sec. 7704), including, if necessary, creating or converting it into a limited liability partnership or limited liability company that is so qualified;

**10.1.2.14.** subject to the limitations set forth in this Liquidation Trust, retain and pay professionals, advisors and employees (including former advisors and employees of the Debtor), and contractors or other agents, including any and all estate professionals, from the Trust Assets to carry out its duties and obligations hereunder;

**10.1.2.15.** invest monies received by the Liquidation Trust or the Trustee, or otherwise held by the Liquidation Trust or the Trustee consistent with the Liquidation Trust's status as a liquidating trust within the meaning of Treas. Reg. § 301.7701-4(d) and which actions are merely incidental to its liquidation and dissolution;

**10.1.2.16.** create sub-trusts or title vehicles of which the Liquidation Trust or the Trust Beneficiaries hold the beneficial or ownership interests, as applicable;

**10.1.2.17.** purchase customary insurance coverage;

**10.1.2.18.** perform such functions and take such actions as are provided for or permitted in the Plan and this Liquidation Trust or any other agreement executed or order entered pursuant to the Plan together with the right and authority to take such other actions, perform such other functions, and enter into such other agreements and instruments as the Trustee, in the exercise of his reasonable business judgment, deems necessary or appropriate to fulfill the duties, rights and powers of the Trustee contemplated in the Plan, this Liquidation Trust, and applicable law; and

**10.2** **Limitations on Trustee.** No part of the Trust Assets shall be used or disposed of by the Trustee in furtherance of any trade or business. The Trustee shall, on behalf of the Liquidation Trust, hold the Liquidation Trust out as a trust in the process of liquidation and not as an investment company. The Trustee shall not become a market-maker for the Beneficial Interests or otherwise attempt to create a secondary trading market for the Beneficial Interests. The Trustee shall not engage in any investments or activities inconsistent with the treatment of the Liquidation Trust as a liquidating trust within the meaning of Treas. Reg. § 301.7701-4(d) while the Trustees intend the Liquidation Trust to qualify as a liquidating trust; provided, however, that if the Liquidation Trust (or a limited liability company or limited liability partnership into which it shall be converted) shall be classified as a partnership for federal tax purposes under Treas. Reg. § 301.7701-3, these restrictions shall not apply. The Trustee shall be restricted to the liquidation of the Trust Assets on behalf, and for the benefit, of the Trust Beneficiaries; the distribution and application of Trust Assets for the purposes set forth in the Plan and this Liquidation Trust; and the conservation and protection of the Trust Assets and the administration thereof in accordance with the provisions of the Plan and this Liquidation Trust.

**10.3** **Agents and Professionals; Employees**. The Liquidation Trust may employ such counsel (which may be the same counsel employed by Debtor or the Committee), advisors (which may be the same advisors formerly employed by Debtor or the Committee) and other professionals selected by the Trustee that the Liquidation Trust reasonably requires to perform its responsibilities under the Plan without further order from the Bankruptcy Court. The Liquidation Trust's professionals shall be compensated at the rates agreed to by the Trustee and such professionals, and paid without further motion, application, notice or other order of the Bankruptcy Court. The fees and expenses of the Liquidation Trust's professionals shall be satisfied from the Trust Assets. In the event of any dispute concerning the entitlement to, or the reasonableness of, any compensation and/or expenses of any

professional for the Liquidation Trust, either the Trustee or the affected party may ask the Bankruptcy Court to resolve the dispute.

**10.4** **Investment of Proceeds.** To the extent possible and reasonable in Trustee's business judgment, Trustee shall invest the proceeds of the Trust Assets received by the Trustee or otherwise held by the Trustee in highly rated short-term investments of which the length of term shall be consistent with the obligations to pay costs, expenses, and other obligations and make distributions under this Liquidation Trust, which investments shall consist of (a) short-term investments issued or guaranteed by the United States or by a department, agency or instrumentality of the United States; (b) other short-term instruments of the highest credit rating available of two nationally recognized rating agencies; or (c) other investment-grade, short-term debt investments.

**10.5** **No Further Approvals Required/Transfer of Trust Assets**. In performance of its duties hereunder, the Trustee shall have the rights and powers of a debtor-in-possession under section 1107, and such other rights, powers, and duties necessary, appropriate, advisable or convenient to effectuate the provisions of the Plan. On and after the Effective Date, the Trustee shall not be required to obtain any approvals from the Bankruptcy Court, any court or governmental body and/or provide any notices under any applicable laws to implement the terms of the Plan, including, without limitation, the transfer of any Trust Assets retained by the Liquidation Trust. As further set forth in this Liquidation Trust, without limiting the foregoing, the Trustee shall be authorized pursuant to the Plan to transfer any or all of the Trust Assets without necessity of any further notice or approval of the Bankruptcy Court and/or under any applicable state or federal law.

## ARTICLE XI – CONCERNING THE TRUSTEE

**11.1.** **Generally.** The Trustee shall exercise such rights and powers vested in it by the Plan and this Liquidation Trust, and, in addition thereto, such other and further rights and powers as are appropriate to fulfill the duties of the Trustee under the Plan and this Liquidation Trust, and use the same degree of care and skill in its exercise as a prudent person would exercise or use under the circumstances in the conduct of its own affairs. No provision of the Plan and this Liquidation Trust shall be construed to relieve the Trustee from liability for his own gross negligence, fraud or reckless, intentional or willful misconduct, except that the Trustee shall not be liable for any action taken in good faith in reliance upon the advice of professionals retained by the Trustee in accordance with this Liquidation Trust.

**11.2.** **Number.** There shall be only one Trustee of this Liquidation Trust at all times.

**11.3.** **Qualifications.** Any Trustee or its principal must be of good moral character and must have attained the age of 30 years. Any disputes over the selection of the successor Trustee shall be resolved by the Bankruptcy Court.

**11.4.** **Reliance by Trustee.** Except as otherwise provided in the Plan and this Liquidation Trust:

**11.4.1.** the Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Trustee to be genuine and to have been signed or presented by the proper party or parties; and

**11.4.2.** persons (including any professionals retained by the Trustee in accordance with this Liquidation Trust) engaged in transactions with the Trustee shall look to only the Trust Assets to satisfy any liability incurred by the Trustee to such person in carrying out the terms of the Plan and this Liquidation Trust, and the Trustee shall have no personal or individual obligation to satisfy any such liability.

**11.5.** **Liability to Third Persons**. No Trust Beneficiary shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Trust Assets or the affairs of the Liquidation Trust and the Trustee. The Trustee and agents of the Trustee shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Trust Assets or the affairs of the Liquidation Trust, including, but not limited to, the Trust Beneficiaries, except for his own gross negligence, fraud or reckless, intentional or willful misconduct, and all such persons shall look solely to the Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the Liquidation Trust. Other than as set forth in the Plan and this Liquidation Trust, nothing in this 11.5 shall be deemed to release any Trust Beneficiary from any actions or omissions occurring prior to the Effective Date.

**11.6.** **Non-liability of Trustee for Acts of Others**. Nothing contained in the Plan and this Liquidation Trust shall be deemed to be an assumption by the Trustee of any of the liabilities, obligations or duties of Debtor (unless specifically set forth in the Plan and this Liquidation Trust) and shall not be deemed to be or contain a covenant or agreement by the Trustee to assume or accept any such liability, obligation or duty. Any successor Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Trustee hereunder, and any statement or representation made as to the assets comprising the Trust Assets or as to any other fact bearing upon the prior administration of the Liquidation Trust, so long as it has a good-faith basis to do so. The Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. The Trustee or any successor Trustee shall not be liable for any act or omission of any predecessor Trustee, nor have a duty to enforce any claims against any predecessor Trustee on account of any such act or omission.

**11.7.** **Indemnity**. The Trustee and its agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives and principals, including the Beneficiary Representatives (collectively, the "Indemnified Parties") shall be indemnified by the Liquidation Trust solely from the Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against one or more of the Indemnified Parties on account of the acts or omissions of such Indemnified Party solely in its capacity as such, provided, however, that the Liquidation Trust shall not be liable to indemnify any Indemnified Party for any act or omission constituting gross negligence; fraud; or reckless, intentional or willful misconduct. Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Liquidation Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, provided, however, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to them immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Liquidation Trust. The foregoing indemnity in respect of any Indemnified

Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified.

**11.8.** <u>**Compensation and Expenses**</u>. The Trustee shall be compensated at his or her standard hourly rate for its services and reimbursed for its out-of-pocket expenses incident to the performance of its duties under the Plan and this Liquidation Trust prior to payments to any Trust Beneficiaries. The Trustee shall be paid without further motion, application, notice or other order of the Bankruptcy Court. The fees and expenses of the Trustee shall be satisfied out of the Trust Assets. Notwithstanding anything to the contrary herein, the Trustee shall not be paid any portion of his fees for which there are not sufficient Trust Assets to pay him.

**11.9.** <u>**Lien**</u>. The Trustee shall have a perfected lien upon the Trust Assets and their proceeds to secure the payment of any amounts payable to it pursuant to the Plan and this Liquidation Trust without the need for any recordation or filing. Each Indemnified Party indemnified pursuant the Plan and this Liquidation Trust shall also have a subordinated perfected lien upon the Trust Assets and their proceeds to secure payment of any amounts payable to it without the need for any recordation or filing. Such amounts shall only be payable from the Trust Assets and their proceeds.

**11.10.** <u>**Bond**</u>. Neither the Trustee nor the Beneficiary Representatives shall be required to post any bond or other form of surety, unless otherwise ordered by the Bankruptcy Court.

## <u>ARTICLE XII – SUCCESSOR TRUSTEES</u>

**12.1.** <u>**Resignation and Removal.**</u> The Trustee may resign at any time upon not less than sixty (60) days' written notice to the Bankruptcy Court and the Beneficiary Representatives, unless the Case is administratively closed in which case only notice to the Beneficiary Representatives shall be required. The Trustee may only be removed from office for cause by (i) the Bankruptcy Court on its own motion or upon motion brought by all of the Beneficiary Representatives, or (ii) by a majority vote in amount and number of the Trust Beneficiaries who are holding a Beneficial Interest.

**12.2.** <u>**Effect of Resignation**</u>. The resignation, incompetency, bankruptcy or insolvency of the Trustee shall not operate to terminate the Liquidation Trust or to revoke any existing agency created pursuant to the terms of the Plan and this Liquidation Trust, or invalidate any action theretofore taken by the Trustee. All fees and expenses incurred by the Trustee prior to the resignation, incompetency or removal of the Trustee shall be paid from the Trust Assets, unless such fees and expenses are disputed by the successor Trustee, in which case the Bankruptcy Court shall resolve the dispute, and any disputed fees and expenses of the predecessor Trustee that are subsequently allowed by the Bankruptcy Court shall be paid from the Trust Assets. In the event of the resignation or removal of the Trustee, such Trustee shall (a) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Trustee or directed by the Bankruptcy Court to effect the termination of such Trustee's capacity under this Liquidation Trust; (b) promptly deliver to the successor Trustee all documents, instruments, records and other writings related to the Liquidation Trust as may be in the possession of such Trustee, <u>provided</u>, <u>however</u>, that the Trustee may retain one copy of each of such documents for its purposes, subject to the terms of any joint prosecution and common interest agreement to which the Trustee is party; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Trustee.

**12.3.** **Replacement**.  In the event that the Trustee resigns, is removed, or in the event of the death of the Trustee or other occurrence rendering the Trustee incapacitated or unavailable for an extended period of thirty (30) consecutive days, a replacement Trustee shall be designated by the Beneficiary Representatives within seven (7) days after such vacancy shall occur.  A notice of the identity of the new Trustee shall be filed with the Bankruptcy Court promptly after the new Trustee is designated unless the Case is administratively closed in which case notice shall be mailed to the Trust Beneficiaries.

**12.4.** **Acceptance of Appointment by Successor Trustee.**  Any successor Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing (unless the Case is closed) and, in the case of the Trustee's resignation, to the resigning Trustee.  Thereupon, such successor Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges of its predecessor in the Liquidation Trust with like effect as if originally named Trustee and shall be deemed appointed pursuant to section 1123(b)(3)(B).  The resigning or removed Trustee shall duly assign, transfer and deliver to such successor Trustee all property and money held by such resigning or removed Trustee hereunder and shall, as directed by the Bankruptcy Court or reasonably requested by such successor Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Trustee upon the trusts herein expressed all the liabilities, duties, powers, rights, title, discretion and privileges of such resigning or removed Trustee.

## ARTICLE XIII – MISCELLANEOUS PROVISIONS

**13.1.** **Fiduciary Obligation**.  The Trustee shall owe fiduciary duties to the Trust Beneficiaries.

**13.2.** **Governing Law**.  This Liquidation Trust shall be governed by and construed in accordance with the laws of the State of Michigan without reference to conflicts of law.**Jurisdiction.** Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Liquidation Trust and the Trustee (but solely in its capacity as such), including, without limitation, the administration and activities of the Liquidation Trust and the Trustee, provided, however, that notwithstanding the foregoing, the Trustee shall have power and authority to bring any action which is not a core proceeding under 28 U.S.C. §157(b) in any court of competent jurisdiction to prosecute any claims or causes of action assigned to the Liquidation Trust.

**13.4.** **Severability.**  In the event that any provision of this Liquidation Trust  or the application thereof to any person shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Liquidation Trust  or the application of such provision to persons or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Liquidation Trust  shall be valid and enforceable to the fullest extent permitted by law.

**13.5.** **Notices.**  Any notice or other communication required or permitted to be made under this Liquidation Trust shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by telex, facsimile or other telegraphic means; sent by nationally recognized overnight delivery service; or mailed by first-class mail:

**13.5.1.** if to the Trustee, to:

**13.5.2.** if to any Trust Beneficiary, to the last known address of such Trust Beneficiary according to the Trustee's records.

**13.6.** **Headings.** The headings contained in this Liquidation Trust are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidation Trust or of any term or provision hereof.

**13.7.** **Plan.** The terms of the Plan and this Liquidation Trust are intended to supplement each other. However, to the extent that the terms of the Plan are inconsistent with the terms set forth in this Liquidation Trust with respect to the Liquidation Trust, then this Liquidation Trust shall govern.

**13.8.** **Cooperation.** Debtor shall turn over or otherwise make available to the Trustee at no cost to the Liquidation Trust or the Trustee, all books and records reasonably required by the Trustee to carry out its duties hereunder, and shall otherwise reasonably cooperate with the Trustee in carrying out its duties hereunder. The Debtor and its principals shall cooperate with the Trustee in the administration of the Liquidation Trust, including without limitation, in providing documentation, witness testimony, and other evidence in support of the prosecution of any Cause(s) of Action.

**13.9.** **Recordation.** This Liquidation Trust may be recorded in such places as the Trustee deems advisable.

**13.10.** **Trust Location.** The offices of the Liquidation Trust shall be maintained at the office of the Trustee.

**13.11.** **Entire Creditors Trust Agreement.** This Liquidation Trust and the exhibits attached hereto, if any, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

**13.12.** **Named Party.** In pursuing any Claims and/or Causes of Action, or in disposing of any Assets of the Liquidation Trust, or otherwise administering the Liquidation Trust or any Trust Assets, including, without limitation, the execution of documents, such as bills of sale, releases, and agreements, the Trustee may pursue such matters and/or execute any such documents in the name of "Heritage Collegiate Apparel, Inc., Liquidation Trust" and/or in his own name as Trustee or in such other names or such representative capacities as necessary or appropriate in the Trustee's discretion.

**13.13.** **Irrevocability and Amendment.** This Liquidation Trust is irrevocable, but may be amended from time to time by (i) an order of the Bankruptcy Court, or (ii) filing an amendment approved by the Beneficiary Representatives in the Bankruptcy Court and serving the amendment on all counsel in the Chapter 11 Case who have filed an appearance. If no timely objection to the proposed amendment is received, the amendment shall become effective. If an objection is received, no amendment shall be effective unless approved by the Bankruptcy Court. In such case, the Trustee shall have the right to re-open the Case to seek Bankruptcy Court approval of the amendment. Notwithstanding this Section, any amendments to this Liquidation Trust shall not be inconsistent with

the purpose and intention of the Plan and the Liquidation Trust to liquidate in an orderly manner the Trust Assets (which will maximize the value of such assets) in accordance with Treas. Reg. § 301.7701-4(d). In the event that the Liquidation Trust shall fail or cease to qualify as a liquidating trust in accordance with Treas. Reg. § 301.7701-4(d), this Liquidation Trust may be amended by the Trustee to the extent necessary for the Trustee to take such action as it shall deem appropriate to have the Liquidation Trust classified as a partnership for federal tax purposes under Treas. Reg. § 301.7701-3 (but not a publicly traded partnership under Code Sec. 7704), including, if necessary, creating or converting it into a limited liability partnership or limited liability company that is so classified

13.14. **Meanings of Other Terms.** Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate; words importing the singular number shall include the plural number and vice versa; and words importing persons shall include firms, associations, corporations and other entities. All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code; the Bankruptcy Rules; or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Liquidation Trust , and the word "herein" and words of similar import refer to this Liquidation Trust  as a whole and not to any particular Article, Section or subdivision of this Liquidation Trust . The term "including" shall mean "including, without limitation."

13.15. **Counterparts.** This Liquidation Trust may be executed in any number of counterparts, each of which shall be deemed original, but such counterparts shall together constitute one and the same instrument. A facsimile or portable document file (PDF) signature of any party shall be considered to have the same binding legal effect as an original signature.

**IN WITNESS WHEREOF**, the parties hereto have executed this Liquidation Trust or caused this Liquidation Trust to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

**SIGNATURES ON FOLLOWING PAGE**

**HERITAGE COLLEGIATE APPAREL, INC.,**

A Michigan corporation


By: _____
       Scott Hirth
Its:    Shareholder




STATE OF MICHIGAN         )
                                 ) ss
COUNTY OF _____     )


       This instrument was acknowledged before me on this ____ day of _____, 2025, by Scott Hirth, Responsible Person, on behalf of Heritage Collegiate Apparel, Inc., a Michigan corporation.

                                    _____
                                    Notary Public


**TRUSTEE**



_____




STATE OF MICHIGAN         )
                                 ) ss
COUNTY OF _____   )


       This instrument was acknowledged before me on this ____ day of ____, 2025, by _____.

                                    _____
                                    Notary Public

## CERTIFICATION OF APPOINTMENT

      On or about _____ __, 2025, the Committee selected _____ to serve as the Trustee of the Heritage Collegiate Apparel, Inc., Liquidation Trust and, as evidenced by his signature below, _____ hereby accepts the appointment.

**UNSECURED CREDITORS COMMITTEE**

By: _____

Its:     Representative

**ACCEPTANCE OF APPOINTMENT AS TRUSTEE:**

_____