**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE COLLEGIATE APPAREL, INC.<br>f/k/a M-Den, Inc., d/b/a The M Den, | Case No. 24-47922-tjt |
| | Hon. Thomas J. Tucker |
| Debtor.<br>_______________________________________/ | |
| SCOTT EISENBERG, SOLELY IN<br>HIS CAPACITY AS LIQUIDATION<br>TRUSTEE OF THE HERITAGE<br>COLLEGIATE APPAREL, INC., f/k/a<br>M-DEN, INC., d/b/a The M DEN<br>LIQUIDATION TRUST, | |
| Plaintiff, | Adv. Proc. No. 26- |
| v. | |
| CONLIN, MCKENNEY & PHILBRICK, PLC, | |
| Defendant.<br>__________________________________/ | |

**COMPLAINT**

Scott Eisenberg ("Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den, Liquidation Trust ("Liquidation Trust"), through counsel, for his Complaint against Conlin, McKenney & Philbrick, PLC ("Defendant"), alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is the Liquidation Trustee of the Liquidation Trust.

2. Defendant is a Michigan professional corporation that maintains an office in Ann Arbor, Michigan.

3. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

6. This is an adversary proceeding under FED. R. BANKR. P. 7001.

7. Plaintiff consents to entry of a final judgment or order of this Court.

## CASE BACKGROUND

8. Heritage Collegiate Apparel, Inc., f/k/a M-Den, Inc., d/b/a The M Den ("Debtor" or "Heritage") commenced a voluntary case under Chapter 11 of Title 11 of the United States Code on August 16, 2024 ("Petition Date"), in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division – Detroit ("Court").

9. On April 18, 2025, Debtor filed its *Fourth Amended Combined Plan of Liquidation and Disclosure Statement* ("Plan"). [Case No. 24-

47922-tjt, ECF No. 275].[1]

10. On March 10, 2025, the Court entered an order granting final approval of the disclosure statement and confirmation of the Plan ("<u>Order Confirming Plan</u>"). [ECF No. 296].

11. The Effective Date of the Plan occurred on June 25, 2025. [ECF No. 301].

12. The Order Confirming Plan also approved the establishment of the Liquidation Trust and Scott Eisenberg's appointment as the Liquidation Trustee of the Liquidation Trust as of the Effective Date. [ECF No. 275, at 42].

13. Pursuant to the Plan, the Liquidation Trustee is authorized to "pursue, litigate, settle and/or abandon" all Chapter 5 causes of action. [*Id.* at 44].

## <u>BACKGROUND REGARDING DEFENDANT AND THIS COMPLAINT</u>

14. Upon information and belief, Defendant provides legal services.

15. Heritage made the transfers identified on Exhibit A to Defendant before the Petition Date that the Liquidation Trustee seeks to avoid and recover.

---

[1] Hereinafter, docket references are to those of the Debtor's case, Case No. 24-47922-tjt.

16. The Liquidation Trustee analyzed the transfers identified on Exhibit A for potential defenses and sent a demand letter to Defendant on January 23, 2026, regarding the transfers and offering a compromise.

17. The Liquidation Trustee received a response from Defendant to his January 23, 2026, demand letter; however, the parties were unable to resolve the Trustee's demand.

## COUNT I – AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS – 11 U.S.C. §§ 547(b), 550, and 551

18. The Liquidation Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

19. During the 90-day period before the Petition Date, Heritage made or caused to be made the transfers listed on Exhibit A (the "90-Day Transfers," and individually each a "90-Day Transfer") to Defendant from Heritage's bank account(s).

20. The 90-Day Transfers were transfers of an interest in Heritage's property—namely, Debtor's funds.

21. The 90-Day Transfers were to or for the benefit of Defendant.

22. Defendant was a creditor of Heritage on the date(s) that the 90-Day Transfers were made.

23. The 90-Day Transfers were made for or on account of antecedent debt owed by Heritage to Defendant before such 90-Day

Transfer was made—namely, the 90-Day Transfers were payments related to legal services.

24. Under 11 U.S.C. § 547(f), Heritage is presumed to have been, and was in fact, insolvent at the time the 90-Day Transfers were made.

25. Due to the size of claims and shortfall in recoverable assets, creditors will not be paid the full amount of their claims in Debtor's bankruptcy case.

26. The 90-Day Transfers enabled Defendant to receive more than Defendant would receive if (i) this case were a case under chapter 7 of the Bankruptcy Code, (ii) the 90-Day Transfers had not been made, and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27. Defendant was the initial transferee of the 90-Day Transfers, or in the alternative, Defendant was either the entity for whose benefit the 90-Day Transfers were made or was the immediate or mediate transferee of the initial transferee receiving the 90-Day Transfers.

28. Based upon the Liquidation Trustee's reasonable due diligence in the circumstances of the case, and considering Defendant's known or reasonably knowable defenses, the Liquidation Trustee believes that some or all of the 90-Day Transfers are avoidable by the Liquidation Trustee

under 11 U.S.C. § 547(b) and recoverable from Defendant under 11 U.S.C. § 550(a).

29. Any transfer avoided under 11 U.S.C. § 547 is automatically preserved for the benefit of the bankruptcy estate with respect to property of the estate. 11 U.S.C. § 551.

30. The Liquidation Trustee is entitled to a judgment under 11 U.S.C. §§ 547(b), 550, and 551 avoiding and recovering the 90-Day Transfers, or the value thereof, for the benefit of Debtor's estate.

WHEREFORE, the Liquidation Trustee requests that this Court (i) avoid the 90-Day Transfers, (ii) direct that the 90-Day Transfers be set aside, (iii) order recovery of the 90-Day Transfers, or the value thereof, from Defendant for the benefit of the Liquidation Trust; and (iv) grant the Liquidation Trustee such additional relief as is just and equitable.

**<u>COUNT II – CLAIM DISALLOWANCE</u>**

31. The Liquidation Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

32. Under 11 U.S.C. § 502(d), the Court must disallow any claim of any entity from which property is recoverable under 11 U.S.C. §§ 542, 547, 548, or 549 unless the entity has turned over the property for which it is liable.

33. The Liquidation Trustee is entitled to turnover of the 90-Day Transfers from Defendant.

34. Defendant has not turned over any of the 90-Day Transfers to the Liquidation Trustee despite demand.

35. Any present or future claims of Defendant against Debtor's estate should be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, the Liquidation Trustee respectfully requests that the Court disallow any present or future claims Defendant may have against Debtor's estate and grant the Liquidation Trustee such additional relief that is just and equitable.

Respectfully submitted,

WOLFSON BOLTON KOCHIS PLLC
*Attorneys for the Liquidation Trustee*

Dated: June 8, 2026


By: /s/ Christopher J. Pullman
Christopher J. Pullman (P89225)
Anthony J. Kochis (P72020)
880 W. Long Lake Rd., Suite 420
Troy, MI 48098
Telephone: (248) 247-7109
cpullman@wolfsonbolton.com

## EXHIBIT A

| Transferor | Date | Amount | Description |
|---|---|---|---|
| Heritage Collegiate Apparel, Inc. | 6/18/2024 | $33,127.40 | Transfer to Defendant |
| Heritage Collegiate Apparel, Inc. | 7/26/2024 | $2,872.60 | Transfer to Defendant |
| | | **$36,000.00** | **TOTAL** |